HANNAH C. PETTIBONE, by guardian, &c., *vs.* ALEXANDER SIMPSON and ANTOINETTE SIMPSON.

Words charging an unmarried female with having had illicit intercourse with a person named are not actionable *per se*.

The special damage necessary to maintain an action for uttering such words must be of a pecuniary character.

The only matters claimed to be special damages, alleged in the complaint, were, that in consequence of the speaking of the words, the plaintiff had been "slighted, neglected and misused by the neighbors and her former associates, and turned out of doors." No evidence was given of any maltreatment or neglect which could have any tendency to injure the plaintiff pecuniarily; although it appeared that the plaintiff was, in substance, requested to leave the house of one D., where she went to make a call. *Held* that the plaintiff was properly nonsuited.

Although the refusal of gratuitous entertainment to the slandered party, by a

person from whom she had been accustomed to receive it, is sufficient, by way of special damage, to sustain the action; yet it must appear, and be proved, that such refusal was the direct result of the speaking of the objectionable words by the defendant.

Although the defendant may have been the original author of the charge, yet if the particular damage complained of was the result of a repetition of the charge by some other person, the defendant is not liable for the damage.

APPEAL by the plaintiff from a judgment of non-suit, rendered at the Steuben county circuit.

*A. M. Burrill,* for the appellant.

*G. B. Bradley,* for the respondents.

*By the Court,* TALCOTT, J. This is an action for slander, founded upon certain words charging the plaintiff, an unmarried female, with having had illicit intercourse with a certain individual. The words were spoken by Antoinette Simpson, one of the defendants, and the wife of the other, in the summer of 1870. The plaintiff was nonsuited, at the circuit.

That the words are not actionable *per se* is perfectly well settled. (*Terwilliger* v. *Wands,* 17 *N. Y.* 54. *Wilson* v. *Goit, Id.* 442.)

The only question is whether there were any special damages in the case, upon which the action can be maintained.

The only matters claimed to be special damages, alleged in the complaint, are that in consequence of the speaking of the words "this plaintiff has been slighted, neglected and misused by the neighbors and her former associates, and turned out of doors." The special damages necessary to maintain the action must be of a pecuniary character. (*See cases before cited.*) No evidence was given of any maltreatment or neglect which could have any tendency to injure the plaintiff pecuniarily. It did appear that the plaintiff was, in substance, requested to leave the house of John Deman, where she

went with her stepfather, to make a call, and where she had been in the habit of visiting. Assuming the allegation in the complaint to be sufficiently definite to warrant the proof of these circumstances, it would be sufficient, if occasioned by the words spoken by Mrs. Simpson, to maintain the action. Refusal of gratuitous entertainment to the slandered party, by a person by whom she had been accustomed to be gratuitously entertained, is sufficient, by way of special damage, to sustain the action. But it must appear, and be proved, that such refusal was the direct result of the speaking of the objectionable words by the defendant. Although the defendant may have been the original author of the charge, yet if the particular damage complained of was the result of a repetition of the charge by some other person than the defendant, the defendant is not liable for the damage. (*Terwilliger* v. *Wands, supra.*) The case here is entirely destitute of any evidence tending to show that John Deman ever heard Mrs. Simpson say anything on the subject.

Upon the settled rule of law on this subject, we think the nonsuit was correct, and the judgment should be affirmed.

Judgment affirmed.

[Fourth Department, General Term, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]