(43 App. Div. 607.)

## LANGDON v. SHEARER.

(Supreme Court, Appellate Division, Second Department.   October 10, 1899.)

1. SLANDER—SPECIAL DAMAGES—PLEADING.
   In an action for slander, special damages, arising from the use of words which are not actionable per se, must be averred and proved.

2. SAME—INJURY TO BUSINESS.
   In an action for slander, an averment that plaintiff has been injured in his business financially by the words spoken, without alleging wherein and how, is not a sufficient allegation of special damages.

Appeal from special term, Kings county.

Action by Israel C. Langdon against Charles S. Shearer.   From an interlocutory judgment overruling his demurrer to plaintiff's complaint, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas P. Hall, for appellant.

Eugene V. Brewster, for respondent.

HATCH, J.   The action is slander, and the words averred as having been spoken are not actionable per se.   Consequently the special damage arising from the use of the words must be averred in the complaint and proved upon the trial.   Bassell v. Elmore, 48 N. Y. 561.   The words used are not actionable, unless the special damage be the immediate and legal consequence of the words spoken, and injury must result of a pecuniary character.   The averment, therefore, must specially allege wherein and how the plaintiff has suffered damage.   The averment of the complaint in the present action is so general in character as not to meet the requirement of the rule.   The only allegation of special damage is that plaintiff has been injured in his business financially, but wherein and how is not stated.   This is not a sufficient allegation of special damage, within the authorities. Hallock v. Miller, 2 Barb. 630; Shipman v. Burrows, 1 Hall, 442; Erwin v. Dezell, 64 Hun, 391, 19 N. Y. Supp. 784.   For this reason the interlocutory judgment should be reversed, with leave to plaintiff to serve another pleading on payment of costs.

Interlocutory judgment reversed, and judgment directed for defendant on demurrer, with costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment of the costs of the demurrer and of this appeal.   All concur.