the landlord that their share was to be three-fourteenths as aforesaid. The plaintiff sought to recover upon the ground that he went to the defendant Leopold Weil, and stated to him that he (plaintiff) could let the contract for furnishing the entire building with heat, etc., for the sum of $2,100, and that, as the defendants were obligated to pay three-fourteenths of the entire expense, he wanted to know if that sum would be satisfactory, and was told by the defendant Leopold Weil that it was, and to go ahead and let the contract for that sum, which was done, and that for two months thereafter the defendants paid him the sum of $37.50 per month, which was their proportionate share of the total expense at the rate provided for in their lease, viz., three-fourteenths of the whole expense. The defendant Leopold Weil denied having any conversation with the plaintiff in which it was stated that the defendant's share was three-fourteenths of the entire expense, and denied that he had ever agreed with the plaintiff to pay three-fourteenths of the entire expense, and offered in evidence a written modification of their lease, made with the landlord, at a time prior to that of the lease of the plaintiff, by the terms of which modification it was agreed between the landlord and the defendants that the total expense for heat, etc., to be paid by the defendants, should not exceed the sum of $32 per month. They also explained the payment for the first two months at the sum of $37.50 per month by saying that it was the mistake of their bookkeeper, but conceded their liability to the plaintiff at the rate of $32 per month. The offer to introduce in evidence the modification referred to was objected to by the plaintiff's attorney and excluded by the trial court. We think that this was error. The plaintiff's witness, Eccles, who stated that he was present at the conversation between the plaintiff and Leopold Weil, failed to state that anything was said in that conversation as to the exact share that the defendants were liable to pay, and it was only upon the cross-examination of the plaintiff himself that it was brought out that he expressly called the defendant Leopold Weil's attention, in that conversation, that the defendants' proportionate share of the entire expense of furnishing heat, etc., was to be three-fourteenths thereof, and that in reply thereto Weil said: "That is satisfactory. Go ahead and let it." The modification was, therefore, material and pertinent, as bearing upon the probable truth of the statement of Leopold Weil, as it might well be doubted whether the defendant Weil would obligate his firm to pay the sum of $37.50 per month for heat, etc., when he was only required by his lease to pay but $32. The judgment must, therefore, be reversed. Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.

---

**CORBETT**, Respondent, v. **SWEETS STEEL CO.**, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Thomas F. Corbett, against the Sweets Steel Company.

**PER CURIAM.** Judgment and order of the Onondaga county court, and judgment and order of the municipal court of the city of Syracuse, reversed, and new trial ordered to be had in the municipal court, with costs to the appellant to abide the event. Held, that there was not sufficient evidence to authorize the jury to find that the accident complained of resulted from the incompetency of defendant's employé. The order herein to be settled before Mr. Justice HISCOCK, on two days' notice.

---

**CORNING GLASS WORKS**, Appellant, v. **CORNING CUT GLASS CO.**, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Action by the Corning Glass Works against the Corning Cut Glass Company.

**PER CURIAM.** Order appealed from reversed, and order of May 31, 1902, amended by inserting therein, at the end of the first restraining paragraph thereof, the following: "It is also ordered that said defendants, their servants, agents, and attorneys, and each of them, be, and they hereby are, enjoined from in any manner using the word 'Corning,' or the words 'Corning Cut Glass,' or any combination thereof, in connection with the sale, offering for sale, or advertising of its glass, unless such use shall in each instance be accompanied by a statement which shall clearly indicate to any purchaser, or prospective purchaser, and to the public, that the glass sold, offered for sale, or advertised by the defendant is not glass manufactured by the plaintiff, or from blanks manufactured by it,"—without costs of this appeal to either party.

---

**CORR**, Appellant, v. **SUN PRINTING & PUB. ASS'N**, Respondent. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Action by Kote Corr against the Sun Printing & Publishing Association. No opinion. Final judgment affirmed on argument, with costs.

---

**CUMMINGS**, Respondent, v. **TINKER**, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Grace A. Cummings against Adelbert D. Tinker, impleaded, etc.

**PER CURIAM.** Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. The merits of this controversy are not passed upon; the reversal of the order rendering it unnecessary to do so at this time.

HISCOCK, J., dissents.

---

**CUMMINGS**, Respondent, v. **TINKER**, Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. October 17, 1902.) Action by Grace A. Cummings against Adelbert D. Tinker, impleaded with others. From a judgment for plaintiff, defendant Tinker appeals. Reversed.

**PER CURIAM.** The learned justice at special term, in the exercise of his discretion, erred in denying the motion of the appellant to re-