### XAVIER v. OLIVER et al.

(Supreme Court, Appellate Division, Second Department. February 11, 1903.)

1 LIBEL—JUSTIFICATION—IRRITATION BY PLAINTIFF.

In an action for libel, the fact that plaintiff had written and published of defendant or of his newspaper some irritating matters does not justify the publication of a libel concerning plaintiff, and is not pleadable as a full defense.

2. SAME—PARTIAL DEFENSE—MITIGATION OF DAMAGES

Under Code Civ. Proc. § 536, providing that in actions for personal injury the defendant may prove facts, not amounting to a total defense, tending to mitigate or otherwise reduce plaintiff's damages, if set forth in the answer, the defendant, in an action for libel, may allege that the plaintiff had written and published certain irritating matters of defendant or of his newspaper.

Appeal from special term, Westchester county.

Action by Henry F. Xavier against John W. Oliver and another. From a judgment sustaining a demurrer to a defense and overruling a demurrer to a partial defense both parties appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Roger M. Sherman, for plaintiff.
James M. Hunt, for defendants.

WOODWARD, J. This is an action for libel. The plaintiff states a cause of action, and the defendants have answered, setting up a defense and a separate and partial defense. To both of these the plaintiff interposes a demurrer. The learned court at special term holds, and properly, we believe, that the matter pleaded as a defense does not in law constitute a defense to the action. The same matter is pleaded as a partial defense, and the court holds that this does contain facts which may be proved in mitigation of damages, under the provisions of section 536 of the Code of Civil Procedure, and overruled the demurrer to the partial defense. Both parties appeal from the interlocutory judgment, the plaintiff urging that both demurrers should have been sustained, the defendants that neither of them should receive the sanction of the court.

The justification in an action for libel must be as broad as the charges (Young v. Fox, 26 App. Div. 261, 267, 49 N. Y. Supp. 634, and authority there cited); and the fact that the plaintiff in this action is alleged to have written and published of the defendant or his newspaper some irritating matters does not, as a matter of law, justify the defendants in publishing a libel concerning the plaintiff. It is, however, proper that these matters should, if pleaded, be placed before the jury in mitigation of damages. Section 536, Code Civ. Proc. The defendants have pleaded the facts surrounding the publication of the alleged libel in mitigation of damages, and they are entitled to an opportunity to prove them upon the trial. The interlocutory judgment appealed from should be affirmed.

Interlocutory judgment affirmed, without costs. All concur.

---

¶ 2. See Libel and Slander, vol. 32, Cent. Dig. § 164.