### CASALE v. CALDERONE.

(Supreme Court, Appellate Term. February 27, 1906.)

1. SLANDER—CONSTRUCTION OF WORDS—SLANDER PER SE.
    A statement concerning plaintiff and his son: "These men Casale have paid their arrears for the purpose of cheating the society"—did not charge plaintiff and his son with the crime of conspiracy to cheat the society, and was not therefore slanderous per se.

2. SAME—SPECIAL DAMAGE.
    Where, in an action for slander, the words alleged were not slanderous per se, an allegation that by reason of the slanderous statements plain-tiff was expelled from "the society of which he was a member and was injured in his reputation to the sum of $2,000," in the absence of an al-legation of the name and nature of the society and the relation of the parties thereto, was insufficient as an allegation of special damage.

    [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, 213½.]

3. SAME—INJURY TO REPUTATION.
    An injury to reputation as the result of the speaking of words com-plained of, not slanderous per se, does not constitute special damage for which plaintiff is entitled to recover.

Appeal from City Court of New York, Special Term.

Action by Mariano Casale against Salvatore Calderone. From an interlocutory judgment overruling a demurrer to plaintiff's amended complaint, he appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Rosario Maggio, for appellant.
Palmieri & Wechsler, for respondent.

GIEGERICH, J.   This action was brought to recover damages for slander.   The amended complaint alleges:

"(1) That on the 29th day of January, 1905, at 200 Avenue A, in the city of New York, the defendant, in the presence and hearing of many persons understanding the Italian language, did speak of and concerning the plaintiff as follows: 'Questi due signori Casale (padre e figlio) pagarono, per scroccare dopo denaro alla societa.'

"(2) That such words do mean in the English language: 'These men Casale (referring to plaintiff and his son), have paid their arrears for the purpose of cheating the society'—and were so intended to be meant, and were so understood by the persons hearing the same.

"(3) That such statements were false and untrue, and maliciously made, and made with full knowledge of their falsity.

"(4) That by reason of such statements plaintiff was expelled from the society, of which he was a member, and injured in his reputation in the sum of $2,000, for which he demands judgment, with costs of this action."

The defendant interposed a demurrer on the ground that the amended complaint did not state facts sufficient to constitute a cause of action. The court below held that the words were not actionable per se, but that the allegation of special damage was sufficient against a demurrer.

The plaintiff insists that the words complained of import the commission by plaintiff and his son of the crime of conspiring to cheat the society, and that they are, therefore, actionable, without an allegation of special damage.

The complaint, however, does not allege any facts which would support such a charge.   As seen, neither the name nor the nature of the society, nor the relation of the parties litigant thereto, is disclosed.   It is therefore difficult to see, from the meager allegations, how the plaintiff could or did defraud the society by the mere payment of arrears. Since the words are not actionable per se, it is necessary for the plaintiff, in order to maintain the action, to allege in the complaint that he suffered some special damage from the use of the words in question. Bassell v. Elmore, 48 N. Y. 561; Langdon v. Shearer, 43 App. Div. 607, 60 N. Y. Supp. 193.

Reliance was placed by the court below, in holding, as it did, that there were sufficient allegations of special damage, upon the cases of Olmstead v. Miller, 1 Wend. 506, Williams v. Hill, 19 Wend. 305, and Hewit v. Mason, 24 How. Prac. 366.   The words set forth in the last cited case were clearly actionable per se, and the complaint alleged that, by reason of the speaking of such words, the plaintiff was injured in his good name and excluded from the society of his friends and neighbors, and it was held that:

"Perhaps the plaintiff should have been more specific.   Certainly he should as to the charge in regard to the injury to his business; but this objection cannot be raised on demurrer."

That such objection can now be raised on demurrer was expressly held in Langdon v. Shearer, supra.   Moreover, the loss of the society of friends and neighbors has since been held not to afford any basis for a claim of special damages.   Bassell v. Elmore, supra; Pettibone v. Simpson, 66 Barb. 492.

The other two cases relied upon to uphold the amended complaint and cited by the court below, were brought by females for defamation by words imputing incontinence.   In the Olmstead Case, the plaintiff as refused civil entertainment at a public house, and it was said that

proof of special damage was probably sufficient, but the decision turned upon another point. In the Williams Case, the plaintiff was turned away from the house of her uncle, where she had been a welcome visitor, and charged not to return until she had cleared up her character, and it was held that the cutting off of the hospitality of her friends was such legal damage as would sustain the action. Such ruling apparently proceeded upon the assumption that the plaintiff had lost gratuitous entertainment and hospitality in consequence of the slander, which, as hereafter shown, constitutes special damage.

In the present case, however, the complaint does not contain any averment which could possibly be construed as setting up any one of the elements of special damage. Among these may be mentioned the loss of a marriage, loss of hospitality and gratuitous entertainment, preventing a servant from obtaining employment, the loss of customers by a tradesman, and, in general, whatever a person is prevented by slander from receiving and which would otherwise have been conferred upon him, though gratuitously. 1 Stark. on Slander, 195, 202; Terwilliger v. Wands, 17 N. Y. 54, 60, 72 Am. Dec. 420. Furthermore, a refusal of credit, the refusal of a third person to fulfill a contract with the one slandered in consequence of the slander, or expenses incurred by him in defending suits, have also been held to constitute ground for special damage. 18 Am. & Eng. Enc. of Law (2d Ed.) 1087.

On the other hand, expulsion from a religious or moral reform society does not appear to entitle the plaintiff to recover special damages. Id. The special damage must be in the immediate and legal consequence of the words spoken, and the injury must be of pecuniary character. Beach v. Ranney, 2 Hill, 309; Terwilliger v. Wands, supra; Langdon v. Shearer, supra. As was said in Terwilliger v. Wands, 17 N. Y. 60, 61, 72 Am. Dec. 420:

"There must be some limit to liability for words not actionable per se, both as to the words and the kind of damages; and a clear and wise one has been fixed by the law. The words must be defamatory in their nature, and must in fact disparage the character; and this disparagement must be evidenced by some positive loss arising therefrom directly and legitimately as a fair and natural result."

Applying these rules to the case in hand, it is apparent that no special damage has been alleged. The complaint avers that the plaintiff "was expelled from the society, of which he was a member"; but, as already pointed out, neither the name nor nature of the society is disclosed. It is essential for the plaintiff, in order to maintain this action, to specially allege wherein and how he suffered damage (Langdon v. Shearer, supra), and this he does not do. If we may indulge in the assumption that the plaintiff intended to allege that he sustained damage by reason of injury to reputation as a result of the speaking of the words complained of, such injury, nevertheless, does not constitute special damage and the plaintiff cannot recover therefor. Herrick v. Lapham, 10 Johns. 281; 18 Am. & Eng. Ency. of Law (2d Ed.) 1088.

The interlocutory judgment should therefore be reversed, with costs, and the demurrer sustained, with leave to the plaintiff to amend his complaint within six days on payment of costs. All concur.