state" within the meaning of said statute, as the suit is not brought upon a contract made by it in this state.

The answer alleged, in effect, that the plaintiff contracted to sell certain goods, wares, and merchandise to the defendant, 'but failed to perform its contract and to deliver all of the goods so sold; that it brought a suit in the City Court of New York to recover for the goods actually delivered, in which suit the defendant interposed a defense; that the note in suit was executed and delivered pursuant to and in consideration of an agreement of compromise wherein it was agreed that the plaintiff should discontinue the action pending in the City Court, and deliver the goods which it had theretofore failed to deliver pursuant to its contract, but that the plaintiff had failed and refused to perform its said agreement to discontinue the said action and deliver said goods. On the trial the defendant sought to show the agreement pursuant to which the note was delivered, but the evidence was excluded on the authority of Jamestown Business College Association v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. The evidence in that case did tend to vary the terms of a note which had been unconditionally delivered. That case merely held that the general rule that it is not competent to show the verbal arrangements for the purpose of contradicting or varying a written instrument applies to a promissory note. But the consideration and the conditions of delivery are always open to inquiry, and it is permissible between the original parties to show a failure of consideration or a failure to comply with the conditions of delivery. Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32. We are unable to determine the effect of the evidence, as it is not in the record; and merely hold now that the defendant should have been permitted to prove, if he could, that the plaintiff had refused to perform the agreement pursuant to which the note was delivered.

The judgment is reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.

---

FAGAN v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. LIBEL AND SLANDER (§ 13*)—ARTICLE NOT LIBELOUS PER SE—PROOF OF SPECIAL DAMAGES.

Where a newspaper article is not libelous per se, it is not actionable unless special damage is the immediate and legal consequence of its publication, from which pecuniary injury has resulted.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 97; Dec. Dig. § 13.*]

2. LIBEL AND SLANDER (§ 97*)—PLEADING—FAILURE TO PLEAD SPECIAL DAMAGES—DEMURRER.

The objection that special damages are not sufficiently pleaded in a libel action may be taken by demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 234; Dec. Dig. § 97.*]

---

3. LIBEL AND SLANDER (§ 80\*)—ACTIONS—COMPLAINT—SUFFICIENCY—IDENTI-
  FICATION OF PLAINTIFF.
    Where a complaint in a libel action alleged that plaintiff for more than
  three years preceding the publication of an alleged libelous newspaper
  article had been a member of a Telegraphers' Union, while the article de-
  scribed the person of whom it was written as a nonunion telegraph op-
  erator in the employ of a certain company, and it appeared that plaintiff
  had not been employed by that company for nine years, the complaint
  was demurrable as not stating facts sufficient to constitute a cause of ac-
  tion, since it appeared on its face that the article was not published of,
  and concerning, plaintiff.
    [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 80.\*]

Appeal from Special Term, Kings County.

Libel action by Edward E. Fagan against the New York Evening
Journal Publishing Company.  A demurrer to the complaint was
overruled, and defendant appeals.  Reversed and demurrer sustain-
ed with leave to plaintiff to plead over.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR,
and RICH, JJ.

Edward A. Freshman, for appellant.
T. F. von Dorn, for respondent.

RICH, J.  The defendant demurred to the complaint in an ac-
tion to recover damages for an alleged libel.  The demurrer was
overruled, and, from the interlocutory judgment accordingly enter-
ed, the defendant appeals.

The article alleged to constitute the libel is not libelous per se.
Consequently special damages arising from the publication must be
alleged to have been sustained by the plaintiff.  The article is not
actionable unless special damage was the immediate and legal con-
sequence of its publication, from which injury of a pecuniary nature
resulted to the plaintiff.  Langdon v. Shearer, 43 App. Div. 607,
60 N. Y. Supp. 193; Beecher v. Press Publishing Co., 60 App. Div.
536, 69 N. Y. Supp. 895; King v. Sun Printing & Publishing Ass'n,
84 App. Div. 310, 82 N. Y. Supp. 787; Walker v. Best, 107 App.
Div. 304, 95 N. Y. Supp. 151.  The objection that special damages
are not sufficiently pleaded may be taken by demurrer on the ground
that the complaint does not state facts sufficient to constitute a cause
of action.  Langdon v. Shearer, supra; Reporters' Association v.
Sub Printing & Publishing Co., 186 N. Y. 437, 79 N. E. 710.  The
complaint in this action insufficiently pleads special damages, and
the demurrer was improperly overruled.  Pettibone v. Simpson,
66 Barb. 492; Beach v. Ranney, 2 Hill, 309; Bosi v. New York Her-
ald Co., 33 Misc. Rep. 622, 68 N. Y. Supp. 898; Casale v. Calderone,
49 Misc. Rep. 555, 97 N. Y. Supp. 1102; King v. Sun Printing &
Publishing Ass'n, supra.

There is another reason why the interlocutory judgment should
be reversed.  The plaintiff alleges that for more than three years
preceding the alleged libel he had been a member in good standing
of the Commercial Telegraphers' Union of America, with the mem-
bers of which organization throughout the United States he had an

extensive personal acquaintance, and his main grievance is that, by reason of the publication complained of, he was damaged in reputation. and lost the confidence and esteem of the members of such organization. The alleged libel describes the Fagan of whom it was written as a "nonunion telegraph operator" in the employ of the Western Union Telegraph Company. The plaintiff avers that he had not been in the employ of that company for nine years, either in New York City or elsewhere. Upon these allegations the members of the union to which plaintiff belonged were not justified in the belief that the article referred to the plaintiff, who they knew to be a union man, not in the employ of the Western Union Telegraph Company, as was the Fagan to which the article referred. It therefore appears upon the face of the complaint that the libel was not published of and concerning the plaintiff, and the case is brought within the rule declared in Corr v. Sun Printing & Publishing Ass'n, 177 N. Y. 131, 69 N. E. 288.

The interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with the usual leave to the plaintiff to plead over on payment of costs.

JENKS and HOOKER, JJ., concur. WOODWARD and GAYNOR, JJ., concur on the sole ground that the publication is not libelous.