ROTH v. TRIBUNE ASS'N. (No. 6723.)

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

1. LIBEL AND SLANDER ⊜⇒21—LIBELOUS PUBLICATION—REFERENCE TO PLAINTIFF.

Where a libelous article was published of and concerning plaintiff, it was immaterial that it described him by a wrong name.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 103; Dec. Dig. ⊜⇒21.]

2. LIBEL AND SLANDER ⊜⇒80—ACTION FOR LIBEL—COMPLAINT—SUFFICIENCY.

A complaint in an action for libel, which alleges that the libel was published of and concerning plaintiff, and which shows that there was no other person, except plaintiff, to which the article could apply, states a cause of action, though it unnecessarily alleges that the charges in the article could not truthfully have been written concerning plaintiff.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 184–186; Dec. Dig. ⊜⇒80.]

Appeal from Special Term, New York County.

Action by Isidor Roth against the Tribune Association. From a final judgment, sustaining a demurrer to the complaint and dismissing the complaint, plaintiff appeals. Reversed, and demurrer overruled, with leave to defendant to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Charles Goldzier, of New York City, for appellant.
Henry W. Sackett, of New York City, for respondent.

SCOTT, J. The action is for damages for libel. The demurrer, which has been sustained, is for general insufficiency.

[1] The plaintiff is engaged in business at 209 East Sixty-Sixth street, in the city of New York, under the name of I. Roth. The libel on its face refers to one Isaac Roth, said to be employed at the same address. The complaint alleges that the libel was published of and concerning the plaintiff, and was intended to charge him with the offenses described in the libelous article. If the article was, as alleged, so published of and concerning the plaintiff, it is of no consequence that it described him by a wrong name.

[2] It is true that the complaint, perhaps unnecessarily, contains numerous allegations tending to show that the charges made in the article could not truthfully have been written concerning plaintiff, and defendant argues that they contradict the allegation that the article was published of plaintiff, and show that it must have been published of some one else. This argument is not convincing. As we read these allegations, they amount to nothing more than a denial, in detail, of the charges alleged, and admitted to have been made of and concerning the plaintiff. The authorities upon which defendant relies (Fleischmann v. Bennett, 87 N. Y. 231; Corr v. Sun Printing & Pub. Co., 177 N. Y. 131, 69 N. E. 288; Fagan v. N. Y. Evening Journal Pub. Co., 129 App. Div. 28, 113 N. Y. Supp. 62) are not, in our opinion, applicable. In each of them the plaintiff had obviously pleaded himself out of court by allegations showing, not only that the publication could not have referred to him, but that it in fact referred to some one else. This is not, as we think, the effect of the present complaint. On the contrary, the allegations of the third paragraph indicate that there was no other person, except plaintiff, engaged in the business of druggists' supplies at the address given in the article complained of.

The judgment appealed from must be reversed, and the demurrer overruled, with costs to appellant in this court and in the court below, with leave to defendant to withdraw its demurrer and answer within 20 days upon payment of said costs. Order filed. All concur.