**RAITT v. SELTZER et al.**

No. 3372.

United States District Court
N. D. New York.

Submitted Jan. 18, 1950.

Decided Jan. 27, 1950.

Seligman & Seligman, Benjamin Seligman, of counsel, New York City, attorneys for plaintiff.

Brown, Hubbard, Felt & Fuller, Utica, N. Y., Ernest P. Felt, Utica, N. Y., of counsel, attorneys for plaintiff.

McElroy, Young & Mahley, Syracuse, N. Y., W. Chase Young, Syracuse, N. Y., of counsel, attorneys for defendants.

BRENNAN, Chief Judge.

The contractual status of the parties in this action is shown by referring to the plaintiff as the "creditor", and the defendant as the "guarantor". The Roll-Away Skate Co. is in fact the principal debtor, and is referred to herein as the "principal".

This action is brought by the creditor against the guarantor to recover a money judgment under the terms of a written guarantee of payment, whereby the guarantor executed "* * * an unconditional guarantee of payment * * *" of all bills for merchandise sold and shipped by the creditor to the principal for a ten months' period commencing March 15, 1948. The guarantor has filed an answer which in substance denies the allegation as to the amount due the creditor from the principal, and sets up eight separate defenses and a counterclaim praying for a money judgment. The papers before the Court do not show that a reply has been filed to the counterclaim.

The plaintiff moves for a summary judgment urging that the defenses alleged in the answer are insufficient, and that the counterclaim and denials in the answer are insufficient in law and in fact.

The action originally was started in a state court. No question of the sufficiency of service of process made under the state procedure is raised. A warrant of attachment was issued under which there is now held a sum of money belonging to the defendants in excess of the amount demanded in the complaint. The action was removed to this Court upon the basis of diversity of citizenship.

The decision must be approached in the light of the admonition that great care should be exercised in granting motions for summary judgments. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F. 2d 130, at page 135; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Bozant v. Bank of New York, 2 Cir., 156 F.2d 787.

From a practical standpoint the use of the time-saving device of a summary judgment is unimportant in this case, since in this district cases may be tried at the first term after they are placed upon the trial calendar. The next term of this Court will be held at Albany commencing February 14, 1950. Any judgment obtained by the plaintiff is protected by the funds held under the warrant of attachment above referred to.

A troublesome question arises from the notice of motion in the matter now before the Court. Plaintiff moves for an order striking out the answer of the defendants, and granting summary judgment to the plaintiff pursuant to "—the provisions of the Civil Practice Act of the State of New York—". There is every indication that plaintiff has proceeded upon the theory that the action, having been started in state court, follows the procedure of that court even after its removal. This assumption is entirely in error as appears by the express language of Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In addition, it is pointed out that even in state court the motions to strike out an answer as sham and for summary judgment are governed by the Rules of Civil Practice, rules 104, 113 and 114, rather than the provisions of the Civil Practice Act itself. Under ordinary circumstances the Court is not inclined to dispose of the motion upon technical grounds and thereby fail to reach the merits. Here, however, in the absence of any motion to amend, there arises a doubt as to the sufficiency of the notice of motion. It may be that the grounds of the motion are stated with sufficient particularity to satisfy the provisions of Rule 7(b) (1). The notice, however, does not comply with the requirements of Rules 7(b) (2) and 11. In Galdi v. Jones, 2 Cir., 141 F.2d 984, at page 992, the Court held that a notice of motion was not deficient because it failed to specify by number the Rule under which the motion was made, where the motion itself showed clearly the Rule invoked. It is difficult to find such showing here. A

**50**

determination of the merits under such circumstances might in the end occasion the parties unwarranted expense and delay.

■ Another question raised on this motion will be referred to briefly. The guarantor has pleaded in the answer that there is an action pending in the United States District Court for the Northern District of Ohio brought by the plaintiff against the principal debtor to recover upon the same indebtedness referred to in the complaint herein. This allegation is undisputed. Affidavits filed upon this motion show that depositions have been taken in that action, which indicate that the value of the goods delivered by the creditor to the principal is disputed in good faith. The pendency of that action is not a defense here as an estoppel by abatement, since both the cause of action and the parties involved are different.

It is further alleged that there is pending in the Superior Court of Essex County, New Jersey, an action against the defendant, Oscar M. Seltzer, upon the same cause of action as set forth in the complaint herein. The affidavit of Robert L. Hood submitted on behalf of the defendants recites in substance that he is the attorney for the individual defendants named in this action " * * * and generally represents those individuals in the litigation pending against them in the Superior Court of the State of New Jersey, which is identical with the action pending in this Court * * * ". The affidavits show that the case in New Jersey, above referred to, is being defended in good faith, and its pendency is pleaded as a defense or bar to the instant action. The allegation in the complaint is not conclusive, but the statement in Mr. Hood's affidavit would seem to be conclusive that both parties and causes of action are identical. Certainly the defendant should not be harassed by a multiplicity of actions, and a doubt is raised as to the maintenance of this action. U. S. v. Hendrick, D.C., 52 F.Supp. 60.

Such doubt may be removed by additional facts, but this motion must be decided on the present record.

■ Since it has been determined that the motion must be denied, it would serve no useful purpose to discuss the several defenses raised by the answer. Rule 12(f) of the Federal Rules of Civil Procedure permits a motion to strike " * * * any insufficient defense". Such a motion, however, should be made before the service of a responsive pleading. A discussion of this rule and its application is contained in Moore's Federal Practice, Second Edition, Vol. 2, pages 2312–2321. Comment thereon is unnecessary, but if the insufficiency of a defense is based upon facts, their interpretation and application, or upon inferences to be drawn therefrom, such inferences are for the triers of the fact and are not the determination of a question of law. Moore's, supra, page 2320; Milkman v. Aetna Life Insurance Co. et al., D.C., 36 F.Supp. 116. The question of the sufficiency of the defenses involving the failure of consideration, the real party in interest, the pendency of a prior action, and the existence and modifications of a contract between the creditor and principal may involve the determination of factual issues which, under the authorities above referred to, may not be decided by this Court upon this motion.

■ The procedure governing the applications for and the granting of a summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. The supporting affidavits of the moving party are insufficient to entitle the Court to consider many of the facts stated therein, since they fail to comply with the provisions of subdivision (e) of that Rule.

The motions of the plaintiff are denied.

It is not to be understood that the denial of this motion is in any way a determination of the sufficiency of the answer as a pleading, or as to the sufficiency of any or all of the defenses set up therein.