## VERGES v. NEWS SYNDICATE CO., Inc.

United States District Court
S. D. New York.

Sept. 21, 1951.

588

Myers & Guerin, New York City, Joseph K. Guerin, Herbert Goldmark, New York City, of counsel, for plaintiff.

Townley, Updike & Carter, New York City, J. Howard Carter, James W. Rodgers, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff brings this action for libel and slander against the defendant, publisher of "The New York Daily News". The suit is based on a news release from Barcelona, Spain, October 3rd, 1949, which stated that Virginia Hill, friend of the late racketeer, Benjamin Siegel, also referred to as "Bugsy" Siegel, was on a grand tour of Europe under the assumed name Evelyn G. Verges. The traveller was not Miss Hill, but, in fact plaintiff, who now seeks redress for the alleged harm done her by defendant's story.

Plaintiff has moved for an order striking the third, fourth and fifth defenses of defendant's answer under Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. Plaintiff contends that the third defense is insufficient as a matter of law, the fourth defense is improper because it should have been labeled a partial defense, but even if it is proper as a partial defense it is insufficient in law, and the fifth defense is invalid, both as a complete defense and partial defense, but if the Court should find it a valid partial defense it is improper without the label.

I shall consider first plaintiff's claim that partial defenses are inappropriate in the Federal Courts. This Court faced much the same contention in Shepherd v. Popular Publications, Inc., D.C.

S.D.N.Y.1950, 10 F.R.D. 389. At that time I said: "Plaintiff's remaining request is that the Court strike paragraphs 17 to 20 inclusive of defendant's answer since these are admittedly partial defenses and since the Federal Rules do not provide for partial defenses. The Court believes that this contention has little merit. Rule 12(f) allows the Court to strike only insufficient defenses. Partial defenses are not insufficient. These defenses are substantive rights limiting the plaintiff's cause of action. The State rules provide for pleading partial defenses and it is reasonable to conclude that the 'defenses' referred to in the Federal Rules mean whole or partial defenses, as long as they are otherwise sufficient."

I have no reason to vary that thought at this time. Under the Federal Rules, defenses sufficient in law should not be defeated by demands for formal labels. The rules require no technical forms of pleading, Rule 8(e) (1), and all pleadings are to be so construed as to do substantial justice. Rule 8(f).

The question of sufficiency, then, is crucial to the motion. Defendant's third defense states that "The words complained of were not, and are not of and concerning plaintiff, Evelyn M. Verges, but were and are of and concerning one Virginia Hill, whose photograph was published in connection therewith. * * * Insofar as the words complained of may be deemed defamatory of Virginia Hill, said words are true in substance and in fact."

Plaintiff contends that the libel is unambiguous; therefore no issue of fact exists as to whether the article is actually libellous. Defendant counters by declaring that the article was "of and concerning" Virginia Hill, not plaintiff, and no reasonable reader would believe that it was about plaintiff. In view of this, defendant asserts, the complaint should be dismissed. Defendant cites a number of New York cases which indicate that where the published matter was not "of and concerning" the plaintiff, the case was dismissed. Fleischmann v. Bennett, 1881, 87 N.Y. 231, 236; Corr v. Sun Printing & Publishing

Ass'n, 1904, 75 App.Div. 625, 78 N.Y.S. 1112; Id., 177 N.Y. 131, 69 N.E. 288; Fagan v. New York Evening Journal Pub. Co., 129 App.Div. 28, 113 N.Y.S. 62. I find that in all these cases, the plaintiff was a person who allegedly was mistaken for a person named in the published article. I do not believe, that in the case at bar, defendant will contest that the Evelyn Verges mentioned in the "Daily News" article is the plaintiff here. Defendant seeks to give a novel interpretation to the "of and concerning" concept. This raises an issue which I think should be resolved at trial. If the insufficiency of a defense is based upon facts, their interpretation and application, or upon inferences to be drawn therefrom, such inferences are for the triers of the fact. Raitt v. Seltzer, D.C. 1950, 10 F.R.D. 48. See also Moore's Federal Practice, Second Edition, Vol. 2, p. 2320.

I shall, therefore, deny the motion to strike the third defense.

Defendant's fourth defense states "The words complained of were communicated to defendant by reliable persons and from trustworthy sources, were relied upon and believed by defendant to be true, and were published by defendant in the regular course of its business in good faith and without malice."

Section 339 of the New York Civil Practice Act authorizes a defendant in an action for wrong to prove mitigating circumstances at trial if they are set forth affirmatively in his answer. This section has been held applicable to libel actions. Xavier v. Oliver, 1903, 80 App.Div. 292, 80 N.Y.S. 225. Section 338 of the New York Civil Practice Act includes as mitigating circumstances provable at trial in libel actions "the sources of * * * information and the grounds for * * * belief." Thus, releases from press services, published in good faith in the ordinary course of business have been held specifically within this provision. Goodrow v. New York American, Inc., 1931, 233 App.Div. 37, 252 N.Y.S. 140; Szalay v. New York American, 1938, 254 App.Div. 249, 4 N.Y.S. 2d 620; Van Arsdale v. Time, Inc., Sup. 1942, 35 N.Y.S.2d 951. The defendant may plead this information in order to establish an absence of malice, as a mitigating factor. Meyers v. Huschle Bros., Inc., 1947, 273 App.Div. 107, 75 N.Y.S.2d 354.

As indicated above, there is no merit in plaintiff's claim that defendant should have labeled this fourth defense a partial defense. The motion to strike the fourth defense is denied.

Defendant's fifth defense relates to an article published in the "New York Sunday News" on October 16, 1949. This article is presumably offered as proof of some sort of retraction by defendant. Plaintiff claims that it is no retraction at all since it contains none of the traditional elements of a retraction—public withdrawal, an admission of error, statements of regret or apology. Even if it is a retraction, it can only be pleaded as a partial defense in mitigation, plaintiff says, thereby reiterating her contentions about partial defenses which have been repudiated above. Defendant contends that the article represents more than a retraction; it is also offered as proof of defendant's lack of malice.

The defense seems a proper one. Motion to strike the fifth defense is denied.

Motion denied in all respects.