MAIER v. DUFFIN.

(Supreme Court, Appellate Division, Second Department.  November 19, 1909.)

APPEAL AND ERROR (§ 977*)—NEW TRIAL—DISCRETION—REVIEW.

Where a judgment for plaintiff was based on conflicting evidence, and it was not suggested that it was either against the weight of the evidence or contrary to law, and there were no exceptions pointed out which would justify setting it aside, an order granting a new trial would be reversed by the Appellate Division; the question being addressed to the discretion of the Appellate Division of the Supreme Court on appeal as well as to the Supreme Court at trial term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860, 3862; Dec. Dig. § 977.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Westchester County.

Action by Marie Maier, an infant, by Richard Maier, her guardian ad litem, against Harry Duffin. From an order vacating a judgment for plaintiff and granting defendant's motion for a new trial, plaintiff appeals. Reversed, and judgment for plaintiff reinstated.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Sydney A. Syme, for appellant.
John J. Hughes, for respondent.

WOODWARD, J. The evidence in this case concededly presented a question for the determination of the jury, for the defendant made no motion to dismiss the complaint or for the direction of a verdict. It was submitted to the jury under a charge to which no exception was taken by the defendant, and the evidence fully sustains the verdict of the jury. The action was based on negligence, and the principal question of fact related to the act of the defendant in setting fire to a bundle of papers upon his own premises; it being claimed that the fire thus started by him was negligently permitted to pass over the intervening space and to intrude upon the highway, where the plaintiff, an infant of seven years, was at play, setting fire to her clothing and burning her in a shocking manner. One witness testified that she saw the defendant stoop over with a bundle of papers at his feet, that she saw fire there immediately afterward, and that there was no fire there before the defendant stooped over. The defendant testified positively that he did not set fire to any papers at the time mentioned, or at any other time, and there was thus a clear conflict of evidence, and the jury has accepted that presented in behalf of the plaintiff's theory. Upon the verdict coming in, defendant moved for a new trial upon the minutes, urging the grounds stated in section 999 of the Code of Civil Procedure. The learned court reserved decision, but subsequently granted the motion, filing a memorandum in which the court says:

"The failure of the defendant's attorney to allow his client to explain all about his relation to the bundle of papers had, I fear, great weight with the jury. Justice will be done by giving the parties a new trial."

We are unable to understand how the defendant could be said not to have had a full opportunity to explain about his relation to the papers. The record does not contain any suggestion that he attempted to make any explanation. It simply says that the defendant testified:

"I did not at that time, or any other time, set fire to that field. I heard the lady testify that I stood in the field, or in our own lot, or somewhere, with a pile of papers at my feet. I did not have a pile of papers at my feet at that time. I did not set fire to a pile of papers at that time, or any other time. I am positive that I did not put any pile of papers there."

On cross-examination he was given further opportunity to testify about the fire; but there is nothing to indicate that he desired to modify or explain his testimony. No one suggests that the verdict was against the weight of evidence, or that it was contrary to law; nor is any exception pointed out which would justify setting aside the ver-

dict.   While it is true that a motion for a new trial is addressed largely to the discretion of the court, it is the discretion of the Supreme Court, and the question is addressed to the discretion of this court on the appeal, and we are unable to discover any tangible grounds on which this order can rest.   So far as the record discloses, there was a perfectly fair trial.   The defendant conceded that there was a question to be presented to the jury, and the evidence sustains the verdict.   No one questions the law as laid down by the court in its instructions to the jury, and, if the defendant was not deprived of an opportunity to disclose his evidence, no ground remains for the order.   We have already pointed out that this special ground does not appear in the record.

The orders appealed from should be reversed, and the judgment in favor of the plaintiff reinstated, with costs.   All concur.