## WALKER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    April 12, 1912.)

1. NEW TRIAL (§ 71*)—GROUNDS—WEIGHT OF EVIDENCE.

In an action for personal injuries, in which there was no motion for nonsuit or direction of verdict, and the verdict as to the condition of the walk on which plaintiff claims to have fallen was conflicting and irreconcilable, being sufficient to warrant a finding in favor of either party, it was error for the judge to set aside a verdict for the defendant as against the weight of the evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—PERSONAL INJURIES—NOTICE AS CONDITION PRECEDENT.

A notice stating the place of injury as being on the west side of C. street, between D. and N. avenues, was insufficient; the defect complained of being ice, and the distance between D. and N. avenues being over 800 feet.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Hirschberg and Thomas, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by William Walker, by Henry Walker, his guardian ad litem, against the City of New York. From an order setting aside a verdict for defendant, it appeals. Order reversed, and judgment reinstated.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

James D. Bell (James T. O'Neill, on the brief), for appellant.
Robert Stewart, for respondent.

RICH, J. The defendant appeals from an order setting aside the verdict of a jury in an action to recover for personal injuries, on the sole ground that the verdict is against the weight of the evidence.

[1] No motion was made for a nonsuit, or for the direction of a verdict. It was therefore conceded by both parties that there was a question of fact for the jury. The evidence as to the condition of the walk upon which the plaintiff claims to have fallen is conflicting and irreconcilable. It is sufficient to warrant a finding in favor of either party. The case was submitted to the jury under a proper and impartial charge, and they rendered their verdict for the defendant. Plaintiff's motion on the minutes to set the verdict aside was denied, and judgment was entered in favor of the defendant. At a subsequent Trial Term the justice presiding at the trial granted an order vacating the judgment and granting a new trial, upon the ground that the verdict was against the weight of evidence. In Maier v. Duffin, 134 App. Div. 594, 119 N. Y. Supp. 427, speaking upon the precise question involved upon this appeal, the court said:

"While it is true that a motion for a new trial is addressed largely to the discretion of the court, it is the discretion of the Supreme Court, and the question is addressed to the discretion of this court on the appeal, and we are unable to discover any tangible grounds on which this order can rest.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Ind.

So far as the record discloses, there was a perfectly fair trial. The defendant conceded that there was a question to be presented to the jury, and the evidence sustains the verdict."

The burden of establishing a cause of action by a fair preponderance of the evidence rested upon the plaintiff. This he failed to do, and the action of the trial court in vacating and setting aside the verdict and judgment was an improper exercise of discretion. Maier v. Duffin, supra; Berkowitz v. Consolidated Gas Co., 134 App. Div. 389, 119 N. Y. Supp. 100; Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547.

[2] I am of the opinion that the notice required as a condition precedent of maintaining this action is insufficient in law, because of its not stating with reasonable accuracy the place where the accident occurred, and that defendant's exception to the denial of its motion to dismiss the complaint on that ground presents reversible error. Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560. The notice states the place of injury as being:

"On the west side of Diamond street, between Driggs and Nassau avenues, in Brooklyn borough, New York City."

The complaint is in the same language. It appears that there are several stores on that portion of Diamond street, but the number of different buildings and different pieces of property is not shown. The distance between Driggs and Nassau avenues is stated as being over 800 feet. The notice is so vague and indefinite as to leave the location to conjecture and guesswork. The defect complained of was ice. This might exist in front of any parcel of property on the west side of Diamond street between the avenues named, whether occupied or unoccupied.

The cases cited by the learned counsel for the respondent are clearly distinguishable from the case at bar. In Beyer v. City of North Tonawanda, 183 N. Y. 338, 76 N. E. 214, the notice located the place of the accident as:

"On the easterly side of Paynes avenue, between Schenck street and Robinson street, * * * about half way between Schenck street and Robinson street."

The cause of the accident was loose and decayed boards in a sidewalk.

In Werner v. City of Rochester, 77 Hun, 33, 28 N. Y. Supp. 226, affirmed 149 N. Y. 563, 44 N. E. 300, the notice described the cause and place of the accident as:

"A large pile of dirt in the middle of the street, at a point about one-third of a mile east of the Charlotte branch of the New York Central & Hudson River Railroad, as near as I can estimate the distance."

. In both of these cases there is a specific point on the street named as the place of the accident, and conditions are so stated as to make it easily found.

The order must be reversed, and judgment reinstated, with costs.

JENKS, P. J., concurs. CARR, J., concurs, upon the ground that the notice of intention to sue was not sufficiently definite as to the place of the accident. HIRSCHBERG and THOMAS, JJ., dissent.