(164 App. Div. 737)

GARRISON v. SUN PRINTING & PUBLISHING ASS'N. (No. 6459.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. NEW TRIAL (§ 72*)—SETTING ASIDE VERDICT.

    A verdict ought not to be set aside, except for good and substantial reasons, and will not be disturbed, as against the weight of evidence, unless the court can see that the jury, in reaching its conclusion, failed to give effect to all of the evidence, or was influenced by something outside of it.

    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

2. NEW TRIAL (§ 75*)—INADEQUATE DAMAGES—LIBEL.

    In an action for libel, charging that plaintiff, a married woman, had disappeared simultaneously with a certain forger, had been deserted, forgiven, and had returned home, but disappeared again, and was heard

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from as being with him, where it appeared that a woman of the same surname living at the street number stated, which was not plaintiff's number, had eloped with the forger, a verdict of $100 could not be set aside as inadequate; damages in such case being peculiarly within the discretion of the jury.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. § 75.*]

3. TRIAL (§ 109*)—ARGUMENT OF COUNSEL—FACTS INTENDED TO BE PROVED.
Counsel for defendant was acting within his rights when he stated what he expected and intended to prove.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 91, 270, 367, 388, 395; Dec. Dig. § 109.*]

4. TRIAL (§ 133*)—ARGUMENT OF COUNSEL—INSTRUCTION.
Such argument, if objectionable, as stating an intention to prove certain facts, which were not proved, was cured by an instruction that the jury were not to be led astray by what counsel said, but were to get the facts from the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

5. APPEAL AND ERROR (§ 977*)—NEW TRIAL—DISCRETION—REVIEW.
Where the issues in an action for libel were fully tried and fairly submitted to the jury in a trial lasting four days, and where the record on appeal consisted of 237 printed pages, the discretion of the trial court in setting aside a verdict is the discretion of the Supreme Court, and cannot be sanctioned upon review, unless there is something to indicate at least a basis for it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

Appeal from Trial Term, New York County

Action by Rose G. Garrison against the Sun Printing & Publishing Association. From an order setting aside a verdict and granting a new trial, defendant appeals. Reversed, and verdict reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Herbert C. Smyth, of New York City, for appellant.
Herbert H. Gibbs, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought to recover damages for a libel published in defendant's newspaper on the 22d of November, 1908. The libel was contained in an article reporting the capture in Seattle, Wash., of one Elliot A. Archer, a forger, who had disappeared from Newark, N. J., in 1902. It was stated in the article that:

"At the time of Archer's disappearance Mrs. George E. Garrison of 426 Summer avenue also disappeared. Later she wrote to her husband from Denver that she had been deserted and begged forgiveness. Garrison sent her money and she returned to the East. She disappeared a second time and later was heard from as being with Archer on the Pacific Coast."

Mrs. George E. Garrison lived at 436, and not at 426, Summer avenue. Mrs. E. G. Garrison did live at 426, and she did elope with Archer, at the time stated in the article. At the conclusion of the trial the court left it to the jury to determine whether the article complained of was published of or concerning the plaintiff, and, if so, the amount of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

damages to which she was entitled. She had a verdict for $100, which the court set aside, and granted a new trial, and defendant appeals.

The verdict was set aside, as appears from the memorandum of the learned justice, because defendant's counsel, during the course of the trial, stated, in the presence of the jury, that he intended to prove certain facts, which were not proved, and by reason thereof the plaintiff's case may have been prejudiced. The order, however, setting aside the verdict and granting a new trial, states that it is upon the exceptions taken by the plaintiff, and because the verdict is for insufficient damages, "and as a matter of judicial discretion."

[1, 2] A verdict ought not to be set aside, except for good and substantial reasons. The record, as I read it, does not disclose any exceptions taken by the plaintiff which would justify setting aside the verdict. Nor do I think, under all the circumstances connected with the publication, that the damages can be said to be insufficient. The amount of damages to which a plaintiff is entitled for the publication of a libel is peculiarly within the discretion of the jury. Holmes v. Jones, 147 N. Y. 59, 41 N. E. 409, 49 Am. St. Rep. 646; Mattice v. Wilcox, 147 N. Y. 624, 42 N. E. 270; Crane v. Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722. And a verdict will not be disturbed, as being against the weight of evidence, unless the court can see that the jury, in reaching its conclusion, failed to give effect to all of the evidence, or was influenced by something outside of it. There is nothing here to indicate that such was the case.

[3, 4] Nor was the court justified in setting aside the verdict for the reasons stated in his memorandum. Counsel for defendant was acting within his rights when he stated what he expected and intended to prove. The colloquy which then ensued between court and counsel for the respective parties could not have influenced the jury. That it was not considered of any importance is evidenced by the fact that plaintiff's counsel made no objection to it; on the contrary, joined in the discussion. And if the statements made could by any possibility be considered objectionable, the effect upon the jury was removed by the instruction of the court immediately following the discussion, when he stated they were not to be led astray by what counsel said, but were to get the facts from the evidence.

[5] The issues in the case were fully tried and fairly submitted to the jury. The trial lasted four days; and the record on appeal consists of 237 printed pages. Under such circumstances, a verdict ought not to be set aside, unless there be good and sufficient reason therefor. The discretion of the trial court in setting aside a verdict is the discretion of the Supreme Court, and its exercise cannot be sanctioned, when brought under review on appeal, unless there is something to indicate at least a basis for it. Maier v. Duffin, 134 App. Div. 594, 119 N. Y. Supp. 427.

I am of the opinion that the verdict ought not to have been set aside, and that the order appealed from should therefore be reversed, and the verdict reinstated, with costs. All concur.