WILLIAM H. KEHOE, Plaintiff, *v.* NEW YORK TRIBUNE, INC., Defendant.

Supreme Court, New York County, January 12, 1931.

*Martin Conboy*, for the plaintiff.

*M. De Witt*, for the defendant.

COTILLO, J. This is a motion by defendant to set aside a verdict and for a new trial. The action was by plaintiff, William H. Kehoe, against the New York Tribune, Inc., and the question raised on this motion is whether the trial court was justified in directing a verdict for the plaintiff and leaving to the jury only the question of assessing compensatory and punitive damages. The article stated in substance that one Kehoe, a former city official and formerly assistant corporation counsel for New York city, who had been convicted in connection with the milk scandal, had bought a house in Garrison, N. Y. The plaintiff is an assistant corporation counsel of New York city who bought the place in Garrison, N. Y., which was referred to in the article, and who claims damage because of the accusation that he had been convicted of crime in connection with the milk scandal. The defense was that there was a duplication of names, and that William H. Kehoe, the plaintiff, was not referred to in the article, but that the article by all reasonable people would have been taken to be a misstatement concerning the convicted William H. Kehoe and would not have been taken to be a libel on plaintiff. I directed a verdict holding as matter of law that plaintiff had been libeled. I did this on motion of plaintiff's counsel, feeling that the words of MARTIN, J. (*Kehoe v. New York Tribune, Inc.*, 229 App. Div. 220, 224), were decisive on the point: " On the contrary, in the case of a slander or libel *per se*, if the defendant has not pleaded and proved the truth as a defense, the court has always to direct a verdict for the plaintiff, leaving only the assessment of damages to the jury." But I am satisfied, on further examination, that this was an erroneous construction of the learned justice's opinion. I take the phrase just cited to be a generalization made *en passant* by way of illustration of the point the court was discussing, namely,

the question of mitigation of compensatory damages. From the practice hitherto followed in this State, it is quite clear that in a case involving mistaken identity it has always been left to the jury to determine whether the public might reasonably associate with the plaintiff the libel complained of. (See *Garrison* v. *Sun Printing & Publishing Assn.*, 164 App. Div. 737; *Palmer* v. *Bennett*, 83 Hun, 220; *Butler* v. *Gazette Co.*, 119 App. Div. 767; *Farrington* v. *Star Co.*, 244 N. Y. 585; *People* v. *Parr*, 42 Hun, 313.)

On further reflection I am convinced that there was nothing in Mr. Justice MARTIN's words to indicate that the long-continued practice in this State should be upset and that the court should take from the jury the decision of the primary point whether or not plaintiff was libeled at all by the article. The only argument raised now in opposition to my present opinion by plaintiff's counsel is that it would have been the court's duty to set aside a contrary verdict as against the weight of the evidence. I am not convinced that such would have been the case, even were I disposed to support my ruling at the trial by an appeal to section 457-a of the Civil Practice Act. An examination of the record shows that, far from being injured in his business, the plaintiff has had increases of salary in the time intervening between the libel and the trial. Furthermore, the property at Garrison was sold at an increase over the purchase price. And, finally, when pressed on the trial, the only injuries which plaintiff was able to testify to were headaches and some insomnia, which came to him at the time the libel was published. I have, therefore, considerable sympathy with defendant's claim that the verdict of $9,000 for compensatory damage was excessive and that if the case were to be treated on the basis of damage at all the verdict should be set aside for excessiveness.

However, if there is any doubt about the impropriety of directing a verdict there is a further reason for setting the verdict aside. In connection with the matter of punitive damages, on motion of plaintiff's attorney, I admitted evidence of a hearsay statement made by the investigator sent by the defendant to Garrison to interview the plaintiff. There was no evidence that defendant authorized this agent to make any statements other than those necessary in the course of his investigation, and the hearsay statement which was testified to was in the highest degree damaging and is practically the only evidence on which punitive damages could fairly have been based. The statement injected a political issue in the trial that was wholly improper unless it were established by competent evidence.

For these reasons I think that the motion to set aside the verdict and order a new trial should be granted. Settle order.