CLARENCE R. RICHARDS, Plaintiff, *v.* ISIDORE BIEBER, Defendant.

Supreme Court, Trial Term, New York County, December 3, 1937.

*L. & A. U. Zinke* [*George G. Battle* of counsel], for the plaintiff.

*Jerome J. Fendrick* [*Fred Boehm* of counsel], for the defendant.

VALENTE, J. Plaintiff has moved to set aside a verdict of six cents rendered in his favor by a jury in a libel action, asserting that this award of only nominal damages is grossly inadequate.

The background of the case is the race course with which both the plaintiff and the defendant were associated, the defendant in the capacity of a manager of a racing stable, and the plaintiff, at the time that the libel was published, as a veterinarian to the Jockey Club, intrusted by it with the duty of examining the horses.

The defendant, in a letter addressed to the chairman of the Jockey Club, complained of certain questionable, unfair and discriminating conduct of the plaintiff which affected the defendant's stable. In that communication the defendant, among other things, referred to the plaintiff as a quack. Not content, however, to

adhere to the accusation of the plaintiff's general professional unfitness, and no doubt provoked by situations that are needless here to mention, the defendant enlarged the scope of the letter and, disregarding all caution, included in it another charge which was to the effect that the plaintiff was guilty of a violation of the White Slave Traffic Act (U. S. Code, tit. 18, §§ 397–404).

The defendant introduced evidence in the case which would tend to establish that the plaintiff's conduct in his dealings on the race course were not above reproach, and the jury might well have drawn the inference from the ensemble of the evidence that the plaintiff was not an individual who maintained a normal regard for the standards of his profession or for the responsibilities of his position. In his answer the defendant reiterated the libelous Mann Act charge and affirmatively pleaded the truth of that charge as a defense. Subsequently defendant discovered that he was mistaken and conceded he could offer no proof to substantiate that admittedly serious accusation. The verdict indicates that the jury must have deemed that charge libelous. This is the only logical deduction that can be made, since they could not have based the verdict on the belief that the charges of unprofessional conduct, inefficiency and fraudulent practices were false and the other was true. One is supported by evidence of at least some probative force. The other is wholly lacking in this respect. It must be assumed that the jury believed that the more serious charge against the plaintiff was a libel, whereas the less serious charges were true. In such case a certain discretion would rest with the jury to admeasure the damage, and it might in certain instances even be nominal. The general effect of a verdict of that kind, however, would be a belief that the plaintiff had been libeled, but that his general reputation and character were of such a standard that it could not be said that he had suffered any substantial damage by reason thereof. Such a conclusion cannot be reached here. One who is libeled by such a grave and unwarranted accusation, although not uttered maliciously, should not be deprived of compensatory damages because the jury believed that his professional and business practices were unethical. Assuming, as we must, that the jury believed the plaintiff to be unscrupulous and lacking in integrity in his work on, and relating to, the race track, the calumnious white slave charge is a specific libel of far more serious character and entirely disassociated from the other charges that arose from the defendant's original grievance which motivated the letter to the Jockey Club. " It is well settled that a defendant cannot show, in mitigation of damages for a specific libel, other and disconnected immoralities,

but can attack only the plaintiff's general character." (*Holmes* v. *Jones*, 147 N. Y. 59, 68.) Applying by analogy a rule from another branch of the law of libel, it would seem that the justification of the verdict by reason of the general inferior character of the plaintiff is so much less broad than the libelous charge of white slavery that a verdict of nominal damages might well be said to have been prompted by prejudice.

I am not unmindful of the decisions such as *Garrison* v. *Sun Printing & Pub. Assn* (164 App. Div. 737), holding that the amount of damages to which a plaintiff is entitled for the publication of a libel is peculiarly within the discretion of a jury. I am in accord with that general principle, but the facts presented here require the application of another rule equally cogent, namely, that a jury is required to give effect to all of the evidence that is presented.

Under these circumstances, it follows that the motion to set aside the verdict and for a new trial is granted.