BESSIE CHAIMOWITZ, Appellant, v. THE CITY OF NEW YORK, Respondent.— Action for damages for personal injuries alleged to have been suffered by plaintiff as a consequence of her tripping and falling at a broken curbstone at a street intersection in Brooklyn, New York. Plaintiff had a judgment in the Municipal Court. The Appellate Term reversed the judgment and dismissed the complaint. Order of the Appellate Term unanimously affirmed, with costs. The dismissal was on the ground that the notice of claim required to be served by Laws of 1886, chapter 572, was fatally defective. The notice specified the place as being at a corner of two named streets, without specifying which side of any one of the four corners it was intended to indicate. The evidence disclosed that there was an additional street at the intersection so that any one of six corners might have been intended to be designated by the notice. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

JAMES H. CHILDS, Appellant, v. BANK OF NEW YORK AND TRUST COMPANY, Respondent, and Another, Defendant.— The plaintiff brought this action to recover his commissions as a real estate broker in a transaction in which he procured a purchaser ready, willing and able to purchase 186 lots which the respondent bank was offering for sale. His negotiations were carried on with a man named Johnson, in the office of the bank, who was represented to be in charge of the real estate matters and with whom the agreement was made for the usual commissions. All offers and negotiations were conducted by plaintiff through Johnson; and the officers of the prospective purchaser — a corporation — were brought to the bank and negotiations were conducted through Johnson personally, who communicated to them the offers and terms as they varied from time to time. Finally one of Johnson's superiors, an officer of the bank, entered into negotiations with Johnson and the officers of the purchaser and, both orally and in writing, accepted the offers made and arranged for the drafting of a formal contract. As the case stands, the respondent held out Johnson as its agent to negotiate the sale, accepted the benefit of the negotiations had through him, and, by its subsequent acts, confirmed his original authority to employ the plaintiff as a broker. In addition, there was ratification of his acts. The consummation of the sale failed for the reason that the vendor incorporated in the formal contract which it presented for signature by the purchaser certain exceptions and reservations not theretofore mentioned in respect to the sale of the 186 lots. The complaint was dismissed at the close of the plaintiff's evidence on the grounds that the plaintiff failed to prove the authority of Johnson to employ the plaintiff, and that there was not sufficient proof of the ratification of Johnson's acts by the bank. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Davis, Adel, Taylor and Close, JJ., concur.