Action by plaintiff wife to recover damages for personal injuries, and by her husband for medical expenses and loss of services. Order entered on reargument, vacating order dismissing the complaint, and the judgment entered in accordance therewith, and permitting plaintiffs to serve an amended notice of claim, reversed on the law, without costs, and the motion to vacate and for other relief denied, without costs. The description of the alleged defective part of the sidewalk as “on east side of Troy Avenue between Prospect Place and Park Place, in the Borough of Brooklyn, City and State of New York” was vague and rendered the notice of intention to sue fatally defective. {Schwartz v. City of New York, 250 N. Y. 332; Tynan v. City of New York, 223 N. Y. 596; Wcisman v. City of New York, 219 N. Y. 178; Casey v. City of New York, 217 N. Y. 192; Chaimowitz v. City of New York, 255 App. Div. 1003; Walker v. City of New York, 150 App. Div. 280.) In consequence, and in the absence of timely service of a valid notice, the right to sue the municipality terminated six months after the happening of the accident, or in October of 1944. (Administrative Code of City of New York, § 394a-1.0, subd. b.) The remedy was not revived thereafter, so as to enable plaintiffs to amend the notice, by reason of the enactment of chapter 694 of the Laws of 1945, effective September 1, 1945. The right to sue a municipality, limited by such conditions precedent as the Legislature has seen fit to prescribe (3 Beale on Conflict of Laws, § 605.1; Curry v. City of Buffalo, 135 N. Y. 366, 370; Winter v. City of Niagara Falls, 190 N. Y. 198, 203; Seining v. City of Buffalo, 102 N. Y. 308), cannot be held to have been revived unless, at . least, the Legislature unmistakably has so provided. {Matter of Becker v. Pouvailsmith Corp., 252 N. Y. 1; Hopkins v. Lincoln Trust Co., 233 N. Y. 213; Jacobus V. Colgate, *833 217 N. Y. 235.) To the contrary, with respect to the date that it takes effect, the enactment (L. 1945, ch. 694) provides that it is applicable only to claims “ which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five * * Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ., concur.