Isaac K. Funk, Appellant, *v.* The Evening Post Publishing Company, Respondent.

*Libel — a verdict improperly rendered for defendant not set aside where costs only are involved — conditional affirmance of an order denying a motion for a new trial.*

In an action brought to recover damages for a libel, where the only question presented is one of costs, and where no mistake of the judge has crept in and swayed the opinion of the jury, and the verdict is simply one against evidence, a new trial will not be granted because the jury has rendered a verdict for the defendant instead of one of nominal damages for the plaintiff. (Parker, J., dissenting.)

The granting or denial of a motion for a new trial is, to a certain extent, discretionary, and the General Term has the power to affirm an order denying a motion for a new trial, conditionally, upon the respondent's stipulation to waive an extra allowance granted in the action.

Appeal by the plaintiff, Isaac K. Funk, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of March, 1893, upon the verdict of a jury after a trial at the New York Cir-

* Reported *ante,* page 408.

cuit, and also from an order entered in said clerk's office on the 2d day of March, 1893, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*A. S. Bacon,* for the appellant.

*L. Godkin,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for an alleged libel, and the only question which is presented upon this appeal is as to the right of the appellant to a reversal upon the ground that he was entitled to a verdict for nominal damages, whereas the jury, although so instructed by the court, found a verdict for the defendant.

It is claimed upon the part of the appellant that the rule seems to be beyond controversy in every case in a court of record where the law entitled the plaintiff to nominal damages such damages are a strict legal right, and a verdict for defendant will be reversed. And it is claimed that there is but one exception to this rule, and the exception can only apply where the action is so trivial as to be brought in a Justice's Court, and the plaintiff's only object seems to be costs and to vex the defendant, and no principle seems to be involved. A number of cases have been cited to support this proposition. But it seems to us that an examination of the same shows that no such rule exists as is claimed upon the part of the appellant, and that, upon the contrary, the cases establish the proposition that, where the mere question of costs is involved, and where no mistake of the judge has crept in and swayed the opinion of the jury, and the verdict is simply one against evidence, a new trial will not be granted because the jury have rendered a verdict for the defendant instead of nominal damages for the plaintiff.

It will be necessary to consider only a few of the cases cited by the appellant in order to show that such is the condition of the decisions. In the case of *Hyatt* v. *Wood* (3 Johns. 238), which was an action for assault and battery, where the injury was trivial and the jury found a verdict for the defendant, a new trial was refused *notwithstanding the misdirection of the judge.*

The court in its opinion says: "If this had been an action *quare clausum fregit* in which the right to the freehold came in the

question there might be some reason for granting a new trial.   But for an assault by which the party has sustained little or no injury there seems to be no sufficient ground for the court to interfere.   It has frequently been decided in this court that in cases where the damages are trifling a new trial will not be granted after a verdict for the defendant merely to give the plaintiff an opportunity to recover nominal damages, and when no end of justice is to be attained by it, though there may have been a *misdirection of the judge.*"   This last proposition is probably not sustained by the subsequent authorities.

In *Herrick* v. *Stover* (5 Wend. 580) this refusal to grant a new trial where there had been a misdirection of the judge seems to have been disapproved although its existence is recognized, and the court refused to apply it because the verdict involved a property right.   The court says : " It was suggested on the part on the defendant that as this was evidently a vexatious suit and the damages which the plaintiff would be entitled to recover would be merely nominal, we ought not to interfere even if there had been error. The rule referred to by the counsel for the defendant has never, I believe, been applied to a case like this.   The cases in Burrows, 11, 54, 664, were motions for new trials where verdicts had been rendered against the weight of evidence, and the court refused to grant the applications because the damages were trivial and the prosecutions appeared to be vexatious.   In the case of *Edmonson* v. *Machell* (2 T. R. 4) there was an alleged misdirection to the jury by the judge who tried the cause.   The court refused to set aside the verdict or pass upon the questions of law because they thought justice had been done between the parties.   In actions of assault and battery and for trespasses this court have refused new trials for the misdirection of the judge where there was little or no injury.

" In *Hyatt* v. *Wood* (3 Johns. 239) the court refused the motion for a new trial, but they said if the action had been *quare clausum fregit,* in which the right to the freehold came in question, they should have decided otherwise.

" Lord KENYON said in *Wilson* v. *Rastall* (4 T. R. 753) that he did not recollect a single case where a mistake of the judge had crept in and swayed the opinion of the jury, in which the court had ever refused to grant a new trial.   I apprehend the case before us dif-

fers from any to which the rule mentioned in the above cases has been applied. It is much like the case which was considered in *Hyatt* v. *Wood*, an exception. The object of this suit is not merely to recover such damage as the plaintiff may have sustained, but it is also to determine the extent of his right to property acquired for a private way. There is also a difference as I apprehend in the application of this rule whether applied to a motion for a new trial or a writ of error. It is said by ASHURST, Justice, in *Edmonson* v. *Machell*, that 'an application for a new trial is an application to the discretion of the court, who exercise that discretion in such a manner as will best answer the ends of justice.' But where a record is brought into this court for revision, and error is found in it, is it a matter of discretion in us whether we will correct that error or not? I have always supposed that the party who has been affected by an error, be the extent of that injury ever so small, can require of us *ex debito justitiæ* to correct it."

The rule laid down in these cases shows distinctly that where there has been no error upon the part of the court, and where the appeal comes up on a motion for a new trial, a verdict will never be set aside and such new trial ordered, simply because the verdict has been for the defendant instead of for the plaintiff for nominal damages.

It will not be necessary to refer to all the authorities cited. But to those upon which the plaintiff lays the most stress it may be proper to call attention. In addition to those already mentioned he cites the case of *Dixon* v. *Clow* (24 Wend. 188). This was an action for trespass upon land, where the court refused to charge correctly, and for the error and misdirection of the judge a new trial was granted. The case of *Lyon* v. *Kramer* (24 Hun, 231) was an action for trespass upon the plaintiff's building; a nonsuit was ordered, and it was held to be error because the judgment tended to deprive the plaintiff of a right in respect to his building. In the case of *Stephens* v. *Wider* (32 N. Y. 351) the rule stated was clearly recognized; and the cases in which a party is entitled to a reversal, even though he could recover only nominal damages, are those in which an error crept in and controlled the verdict, or in which some question of permanent right is involved. So, in the case of *Moore* v. *N. Y. Elevated Ry. Co.* (4 Misc. Rep. 132) the plaintiff's title

to the easements upon which the trespass had been committed was in question. The action was for damages for a past trespass, and judgment for the defendant would preclude a recovery for trespasses which should be committed in the future, of a like character. And so in all the cases, unless some permanent right is affected, or some error of the court has crept in, by which the jury have rendered an erroneous verdict, the court will not set aside the verdict upon appeal because plaintiff was entitled to nominal damages. The question comes up in the case at bar, not to correct an error during the progress of the trial, but to review the order of the court denying a motion for a new trial upon the ground that the verdict of the jury was against the evidence.

The rule seems to be too well established to be interfered with at the present time; and it is not necessary for us to say whether, in our judgment, if it was an original question, we should have so held. The almost universal practice has been to refuse to interfere where the plaintiff is entitled to merely nominal damages.

We think, however, that the court should not, under the circumstances of this case, have granted the extra allowance which it did. And as the granting or denial of a motion for a new trial is, to a certain extent, discretionary, we think that an affirmance of the order denying such motion herein should be conditioned upon the defendant stipulating to waive the extra allowance granted by the court. Upon giving such stipulation we think that the judgment and order should be affirmed, without costs.

O'BRIEN, J., concurred.

PARKER, J. (dissenting):

Assuming, as do all the members of the court, that the learned trial judge was right when he instructed the jury that the plaintiff was entitled to recover nominal damages, we have presented a case where the refusal to give the plaintiff that which was absolutely his due has resulted in a judgment which, so far as the record is concerned, adjudges the alleged libelous matter to have been true, and awards to the defendant against the plaintiff a judgment of over $800 for costs. An unjust result, certainly. Were there no decisions seeming to point the way to an affirmance of the judgment entered on such a verdict, we would, I think, have no difficulty in

reaching the conclusion that a verdict having the effect to declare that to be true which was in fact libelous, and carrying with it a judgment against the plaintiff of over $800, where rightfully nothing should have been awarded, should be set aside.

Had the first verdict ever rendered in favor of a defendant, where the plaintiff was entitled to recover nominal damages, carried with it a judgment for costs against the plaintiff of over $800, it may well be doubted whether the court would have considered it one of the trifles of which courts will not take notice.

Whether that assumption be well founded, however, is of no practical moment, because it must be conceded that the cases cited in the opinion presenting the views of the majority of the court, as well as others which might have been referred to, seem to establish the rule that where only nominal damages are involved the courts will not set aside the verdict because against the weight of evidence.

An exception to the rule equally well established is that when in addition to the question of nominal damages there is involved some property right which is affected by the erroneous verdict, it will be set aside.

As none of the cases to which our attention has been called are for libel, the question has not been considered, so far as we have discovered, whether injury to reputation, which in a greater or less degree results from a libelous publication, is of such a character as to bring it within the exception to the general rule to which we have referred.

Certainly, there is nothing which a right-minded man possesses which he values more highly than a good reputation, and a good name proves every day to be of practical value to its possessor.

Anything which unjustly tends to destroy or injure it in the slightest degree interferes with and affects a substantial right — a right to the enjoyment of and to the benefits accruing from a good name.

A verdict for a defendant when plaintiff is entitled to nominal damages for trespass will not be reversed if the action involves nothing else, but if the title to the land trespassed upon be involved, however small its value, the result is otherwise, and no good reason suggests itself why the same rule should not apply when a permanent injury may result to the reputation of an individual.

If he has been libeled, although a jury may differ with him as to the extent of the damage done, he has the right to have his reputation freed for all time from whatever cloud the libelous article may have thrown upon it.

I advise a reversal of the judgment.

Judgment and order affirmed, without costs, upon giving the stipulation required in opinion.