ISAAC K. FUNK, Appellant, *v.* THE EVENING POST PUBLISHING COMPANY, Respondent.

152    619
Case 2
75 AD 614

*Funk* v. *The Evening Post Publishing Co.,* 76 Hun, 497, affirmed.
(Argued January 26, 1897; decided March 2, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the first judicial department, entered May 5, 1894, which modified, and as modified affirmed, a judgment in favor of defendant entered upon a verdict, and also affirmed an order denying a motion for a new trial.

*Benjamin F. Tracy* for appellant.

*Lawrence Godkin* for respondent.

Judgment affirmed, with costs; no opinion.

All concur, except BARTLETT, J., who reads the following opinion for reversal, and HAIGHT, J., who agrees with BARTLETT, J. :

"I think this judgment should be reversed for legal error appearing upon the face of the record.

The jury took the law into their own hands and, disregarding the instruction of the trial judge that plaintiff, in any event, was entitled to nominal damages, rendered a verdict for the defendant.

This is not a case where a new trial is asked for simply because the verdict was for the defendant instead of for the plaintiff for nominal damages.

The result of this arbitrary and illegal action by the jury in refusing to take the law from the court affected substantial rights of this plaintiff.

The effect of this verdict was to adjudge that the libel was true and to send plaintiff out of court with this cloud upon his good name, when, in fact, the court had determined, as matter of law, that the statements of the libel were false.

An apology had also been published by defendant explaining that the publication of the libel was based on a mistake as to the facts.

Surely, this action of the jury did affect a right that plaintiff enjoys, with every other citizen, to vindicate his reputation and honor in a court of justice.   If such verdicts are set aside when property rights, however trifling, are involved, shall it not be done when a plaintiff's character and good name are at stake ?

Furthermore, the plaintiff had entered against him, by reason of this usurpation of the jury, a judgment of eight hundred dollars costs.

This inflicted upon plaintiff substantial damage, and the action of the General Term in striking from the judgment the amount of the extra allowance does not free plaintiff from the entire judgment.

These views, in my opinion, are not in conflict with the authorities cited by the General Term, but are in harmony with their letter and spirit.

I vote to reverse the judgment and grant a new trial."