## LYNCH v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department. February 18, 1916.)

Libel and Slander ⬤⟳126—New Trial—Failure to Award Nominal Damages.

In an action for libel, the court gave a charge on the question of damages, to which plaintiff took no exception, and charged that the article complained of was libelous per se and was not privileged; that the jury might award only nominal damages if it was published without malice and plaintiff had suffered no appreciable damage, or might award substantial damages if they found that plaintiff had been damaged, and even exemplary damages if they found that the article was inspired by malice. The jury returned a verdict for defendant. *Held* that, while this verdict was technically erroneous, the court erred in setting aside the verdict, as a new trial will not be granted in a libel action, in order that plaintiff may recover nominal damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 375, 376; Dec. Dig. ⬤⟳126.]

Page and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by William Lynch against the New York Times Company. From an order setting aside a verdict and ordering a new trial, the defendant appeals. Reversed, and verdict reinstated.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Alfred A. Cook, of New York City, for appellant.

Judson G. Wells, of New York City, for respondent.

SCOTT, J.   The action is for libel, based on the publication by defendant of the proceedings in a criminal court in which the person arraigned, a relative of the plaintiff, had assumed plaintiff's name. In connection with this report defendant had published certain statements concerning plaintiff, which were false and were derogatory to him, but would have been true if spoken of the person who was arraigned and who had assumed plaintiff's name.   The plaintiff alleged no special damage, and it was quite apparent that the publication was without actual malice and the result of a mistake.

The trial justice charged the jury very fully on the question of damages, and apparently to the entire satisfaction of plaintiff, who took no exception thereto.   The jury were instructed that the article complained of was libelous per se, and that the defendant was not entitled to the benefit of the plea of privilege which it had interposed. On the question of damages the jury were given the widest latitude, being instructed that they might award only nominal damages if they found that the article had been published without malice and that plaintiff had suffered no appreciable damage therefrom, or might award substantial damages if they found that the plaintiff had been damaged, and even exemplary damages if they found that the article had been inspired by malice.   The jury rendered a verdict for the defendant, and this the court set aside.   There can be no doubt that the verdict was technically erroneous, for under the law as expounded to the jury by the court the plaintiff was entitled, at the least, to nominal damages.   Having in mind the instructions of the court, it seems evident that this verdict must have been the result of a conviction in the minds of the jurymen that the plaintiff had in fact suffered no damage at all; but, being laymen, they failed to distinguish the nice, perhaps artificial, distinction between a verdict for the defendant and one for plaintiff with nominal damages.   They doubtless considered, as most laymen would, unless carefully instructed to the contrary, that if a plaintiff had suffered no damage he was entitled to no verdict.

In a libel case, more perhaps than in any other, the jury is generally considered to be the supreme arbiter on the question of damages.   In actions for other torts there is generally to be found some standard by which the reasonableness of an award of damages may be tested; but it is seldom so in actions for libel and slander, where the element of wounded sensibilities and the loss of public esteem play a part. If the jury in the case at bar had given expression to the opinion that plaintiff had suffered no injury by rendering a technically correct verdict for nominal damages, no fault could have been found with

their verdict on the record before us. Assuming, as we are entitled to do, that another jury would take the same view of the plaintiff's damage that the first one took, the result of an affirmance of the order appealed from would be to set aside the verdict and order a new trial, in order that the plaintiff might recover a verdict for nominal damages. It has now become the established rule that a verdict will not be set aside for this reason. Funk v. Evening Post Pub. Co., 76 Hun, 497, 27 N. Y. Supp. 1089, affirmed 152 N. Y. 619, 46 N. E. 292; Throckmorton v. Evening Post Pub. Co., 35 App. Div. 396, 54 N. Y. Supp. 887.

In the case first cited Mr. Justice Van Brunt discussed numerous cases bearing upon the question, both in England and in this state, and found the established rule to be that where there is shown no error on the part of the court, by which the jury were misled, and no property rights are involved, a verdict will never be set aside upon a motion for a new trial, simply because the verdict has been for the defendant, instead of for the plaintiff for nominal damages. That is precisely the case as we find it presented here. The charge to the jury, at least from the plaintiff's point of view, seems to have been considered entirely satisfactory, and no fault is found with it by plaintiff upon this appeal. It cannot well be said, therefore, that the technically erroneous verdict was induced by any error or misdirection on the part of the court. In that regard the case is similar to the Throckmorton Case, supra, wherein the rule above stated was reiterated and applied.

It follows that the order appealed from should be reversed, with costs, and the verdict reinstated. Settle order on notice.

CLARKE, P. J., and McLAUGHLIN, J., concur.

PAGE, J. (dissenting). The article was libelous per se. George M. Lynch, on being arrested, gave the name of his brother William, and was tried and convicted. The article publishing an account of this proceeding contained statements identifying William Lynch as the former manager of the store of his mother, Theresa Lynch, and then falsely alleged that William had dissipated a fortune in riotous living and had disappeared. The court properly ruled that the article was not privileged.

The answer contained a third and partial defense, in mitigation of damages, that the article was published in good faith, in reliance upon the truth of information received by reporters and agents, and that the publication was made without malice, express or implied. The justice erroneously charged that this could be taken into consideration generally in the mitigation of damages, whereas he should have limited it to the question of punitive damages.

The belief in the truth cannot be taken to mitigate general damages. No exception was taken to this portion of the charge, and I only mention it, as accounting in some degree for the verdict. The defendant proved no defense, and the justice practically, although not as clearly as he might, instructed the jury that they should bring in a verdict for the plaintiff for damages in such sum as they thought proper.

I do not think that this is a case for merely nominal damages, but that the publication concerning the plaintiff was made without any investigation or foundation in fact and called for substantial damages.

In my opinion the order should be affirmed.

LAUGHLIN, J., concurs.