GEORGE S. ABELL, Appellant, *v.* CORNWALL INDUSTRIAL CORPORATION, Respondent.

Libel — pleading — evidence — damages — insufficiency of plea in justification — right to compensatory damages does not necessarily imply right to substantial damages — charge made during political fight — admission of incompetent evidence, offered to explain, excuse and justify article, which charges serious moral delinquency not asserted in answer, reversible error — evidence of common report admissible only to rebut inference of malice — error to receive evidence and to permit jury to speculate on charge unjustifiable under the pleadings — under plea in mitigation of damages evidence may be presented to show good faith and honest intention — damages may not be increased or decreased by evidence of charge not made in article nor asserted in answer.

1. Where, in an action for libel, the publication complained of, after charging plaintiff with opposition to certain proposed village

# 328    ABELL v. CORNWALL INDUSTRIAL CORP.

improvements, further charged that he was the kind of citizen who is a " curse " to the community, that he " has never had the welfare of the village nor anything or anybody at heart " and that he is a " narrow minded, unprincipled character," a plea in justification, which contains no allegation of the truth of the article as a whole but simply alleges that plaintiff did oppose two certain village improvements, was insufficient and the plaintiff had the right to ask the trial justice to charge the jury that he was entitled as matter of law to compensatory damages.

2. The right as a matter of law to compensatory damages, however, does not necessarily imply a right to substantial damages. Substantial compensatory damages must be founded upon a finding of substantial injury, and a jury may refuse such a finding in a case where it appears that the plaintiff's good reputation could not have been affected by a charge made under circumstances which deprive it of serious weight.

3. Where, therefore, the charge was made by a man recognized as a political opponent, in connection with a bitter political fight, and the charge itself was so connected with and evidently based upon difference of opinion, that it might well be said that reasonable men would not take it very seriously, and that the humiliation caused to the plaintiff should not have been painful, the jury, merely reading the article, might well say that, though unexplained and unjustified, it would tend to subject the plaintiff to chaffing rather than to obloquy or even ridicule.

4. But where the defendant, in an attempt to explain, excuse and justify the article, offered incompetent evidence which immeasurably increased the weight and seriousness of the charge and made of what otherwise might reasonably be regarded as a source of amusement rather than contempt a charge of serious moral delinquency, the falsity of which charge plaintiff found himself called upon to show, though its truth was not asserted by proper plea of justification nor supported by competent proof, the admission of such evidence constitutes reversible error.

5. Where, as a partial defense in mitigation of damages, defendant pleaded that it was commonly reported and believed that plaintiff had misbehaved in certain respects and that the article was published in reliance upon rumor and report, but no attempt was made to plead that plaintiff had in fact misbehaved and that because of such misbehavior the charge in the article was also true and, therefore, justified, evidence of such common report was admissible only for the purpose of rebutting an inference of malice. The truth not being in issue evidence of the truth was irrelevant, and if it had been in issue, common report would have been incompetent to prove it.

6. It was also error to permit defendant to supplement common report by evidence of complaints made to third persons, by evidence of other hearsay and village gossip not shown to have been reported to defendant or relied upon by it and by evidence from which, it was urged, an inference might be drawn that plaintiff had taken an unconscionable advantage. Such evidence was clearly incompetent and irrelevant and it was error to allow the jury upon such evidence to speculate upon the truth of a charge which, under the pleadings, could not be justified.

7. Under the plea in mitigation of damages, evidence may be presented to show good faith and honest intention on the part of the defendant, but plaintiff's damages may not be increased by interjecting a charge into the case, not made in the article nor asserted in the answer, nor may the damage to which he is otherwise entitled be mitigated by plea and proof that a false report of moral delinquency not set forth in the article was current and believed and acted upon by the defendant without investigation or question.

*Abell* v. *Cornwall Industrial Corp.*, 211 App. Div. 811, reversed.

(Argued October 21, 1925; decided November 24, 1925.)

APPEAL by plaintiff, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 2, 1924, unanimously affirming a judgment for nominal damages in favor of plaintiff entered upon a verdict.

*Henry Hirschberg* for appellant. The trial justice erred in refusing to dismiss the defense of justification. (*Daly* v. *Byrne*, 1 Abb. N. C. 150; *Fidler* v. *Delavan*, 21 Wend. 57; *Patter* v. *Harper's Weekly Corp.*, 93 Misc. Rep. 368; *Fero* v. *Ruscoe*, 4 N. Y. 162; *Sawyer* v. *Bennett*, 49 N. Y. S. R. 774; *Zilver* v. *Cooper*, 37 Misc. Rep. 158; *Conners* v. *Collier*, 65 Misc. Rep. 169; *Bingham* v. *Gaynor*, 141 App. Div. 301; 203 N. Y. 27; *Morley* v. *Combs*, 124 N. Y. Supp. 19; *Schiffelin* v. *Hylan*, 205 App. Div. 360; *Zavier* v. *Oliver*, 80 App. Div. 292; *Young* v. *Fox*, 26 App. Div. 261; *Holmes* v. *Jones*, 121 N. Y. 461.) The defense pleaded in mitigation is insufficient in law and should have been dismissed on plaintiff's motion and

the evidence received thereunder was improperly received over plaintiff's exception. (*Hamilton v. Eno,* 81 N. Y. 116; *Mattice v. Wilcox,* 147 N. Y. 624; *Ball v. Post,* 38 Hun, 11; *Wachter v. Quenzer,* 29 N. Y. 547; *Willover v. Hill,* 72 N. Y. 36; *Morse v. Press,* 63 App. Div. 61; *Spomer v. Prosser,* 11 N. Y. 347; *Bisby v. Shaw,* 12 N. Y. 67; *Gray v. Brooklyn Union Pub. Co.,* 35 App. Div. 286; *Palmer v. Printing Co.,* 16 App. Div. 270; *Clark v. Fox,* 10 App. Div. 514.) The defense of justification being insufficient, it was error for the court to admit any evidence of the truth of the libelous article thereunder. (*Dolevin v. Wilder,* 34 How. Pr. 488; *Palmer v. Matthews,* 162 N. Y. 100.)

*Graham Witschief* for respondent. The trial court did not err in its refusal to dismiss the defense of justification for insufficiency. (*Demos v. N. Y. E. J. Pub. Co.,* 210 N. Y. 13; *Cooper v. Rochester Ice Cream Co.,* 212 N. Y. 341; *Bingham v. Gaynor,* 203 N. Y. 27.) The defense pleaded in mitigation was sufficient in law and the motion to dismiss such defense was properly denied and the evidence to sustain the defense was properly admitted. (*Taylor v. Church,* 8 N. Y. 452; *Lally v. Emery,* 54 Hun, 517; 151 N. Y. 653; *Cameron v. Tribune Association,* 55 Hun, 607.)

LEHMAN, J. The defendant published in its newspaper an article urging upon the residents of Cornwall that they should be " progressive " so that their community might " advance with the times." Apparently the editor believed that the beautiful and good acquires greater lure when pictured in contrast with the ugly and evil, and that exhortation to virtue may profitably be supplemented by excoriation of vice; so he chose the plaintiff as the exemplar of the unprogressive in the community and painted him in color and form intended to repel. In no uncertain language he charged the plaintiff with being

that horrid kind of person who does not "believe in progressiveness." Indeed, he alleged that his lack of progressiveness was manifested not only by general opposition to "everything that has been for advancement" and more particularly to the erection of a high school building and the purchase of a fire truck, but that on the last occasion it was manifested in so extreme a manner that he " had a fit when a fire truck was wanted by the people and when the truck was used the first time to extinguish a fire on his premises and became stuck in the mud on leaving, this enterprising citizen gave the boys a laugh." From the language used in the article inference is clear that the editor felt that the village of Cornwall was " cursed " by the " kind " of unprogressive citizen that the plaintiff is charged with being. In even bolder language the editor directly charged against this plaintiff not simply as a member of a class or kind of person, but rather as an individual who exemplifies the evils of his kind; that he " has never had the welfare of the village nor anything or anybody at heart " and that he is a " narrow-minded, unprincipled character."

The plaintiff complains that the article is " false, libelous, malicious, scandalous and defamatory " and has asked damages of $25,000. The jury has found that plaintiff is entitled to six cents damages, and the plaintiff not being satisfied with the amount of the verdict has appealed from the judgment in his favor.

The defendant in his answer attempted to set up a defense of justification, a defense of privilege, and a partial defense in mitigation of damages. It is said that the allegations of the answer are insufficient to constitute any of the three attempted defenses. In regard to the attempted defense of privilege, the trial court has so held, and we need give it no further consideration. The verdict of the jury in favor of the plaintiff, even though only for nominal damages, is conclusive that the defendant has failed to justify the publication by establishing its

truth. Argument may be made that under such circumstances error, if such error there was, in failing to dismiss the defense, becomes immaterial. Even if upon this appeal we might perhaps conclude that the verdict has rendered the previous ruling inconsequential, we must pass upon the sufficiency of the defense in order that error may be avoided at a new trial which we are compelled to order because of rulings in regard to the admission of evidence which we shall point out hereafter.

The answer in attempted justification of the charge that the plaintiff opposed specific measures which the defendant's editor claims were " for advancement " re-alleges that he did oppose these measures. In so far as the articles charged the plaintiff with opposition to specific measures, these allegations that he did in fact oppose these measures might be regarded as a sufficient plea of the truth; but these allegations are insufficient to show the truth of any part of the article which goes beyond such rather innocuous charge. The sting of the article lies not in the charge that the plaintiff opposed two specific measures, but rather in the charge that he was the kind of citizen who is a " curse " to the community, that he " has never had the welfare of the village nor anything or anybody at heart " and especially that he is a " narrow-minded, unprincipled character." It is these charges that the defense must justify by allegations of fact sufficient if proven to show that the charge as a whole is true. Defamatory charge is not justified when it exceeds the truth.

Without attempting to analyze each word and phrase of the attempted plea of justification, it is sufficient to say that the plea contains no allegation of the truth of the article as a whole and the charge contained therein, unless opposition to two specific measures permits, even without other evidence, an inference that the person so opposing is a " curse " to the community; " a narrow-minded, unprincipled character; " a person to be pilloried as one

who has " never had the welfare of the village nor any-
thing or anybody at heart." Perhaps we may take
judicial notice that a large proportion, if not indeed
substantially the entire body of loyal citizens in a democ-
racy, consider themselves " progressive " and that in
political matters aspersions upon the " progressiveness "
of others, whether taking the form of a charge of " radi-
calism " or of reactionary and selfish tendencies, may be
regarded as of no more substance than a mere statement
of difference of opinion upon the value of proposed changes
in existing conditions. Perhaps we may go further and
note the tendency of men to consider that those who
differ with them on such points are " narrow-minded."
Such epithets are often bandied about in the heat of
political strife or discussion, and only men of peculiarly
sensitive nature feel wounded or humiliated by a personal
epithet that has been so often applied to men whose
judgment has been vindicated by decision of their fellow-
citizens at the polls, or even more effectively by the
irrefutable logic of subsequent events. If the article
complained of is capable of the construction that its
intent and meaning is to charge the plaintiff with no
more serious foible or fault than that his opposition to
the erection of a high school building and to the purchase
of a fire engine betrayed a spirit which his opponents
regard as unprogressive and narrow-minded, the defendant
could perhaps justify the epithets by pleading and proving
such comparatively harmless intent and meaning and the
facts upon which the editor based the more or less harmless
charge.

Apparently the plea under consideration was formulated
upon some such theory. After alleging that the plaintiff
has always " fought everything that has been for advance-
ment; he did oppose the building of the high school, he
did oppose the purchase of a fire truck and when the truck
was used the first time to extinguish a fire on his premises
and became stuck in the mud, he did make fun of it and

the firemen who had it in charge," the plea sets forth
that " the plaintiff is narrow-minded and is an unprincipled
character within the intent and meaning of the article
complained of, that is to say that in opposing generally
successive movements for the advancement and improve-
ment of the Village of Cornwall, the plaintiff has by his
actions displayed a lack of principle in his attitude upon
public questions generally." We may for the moment
assume that an unwillingness on plaintiff's part to be
convinced of the value of a fire truck in fighting fires and
an unreasonable and hence " narrow-minded " spirit might
reasonably be inferred from evidence that opposition con-
tinued even after the purchase of the fire truck was con-
summated and after the firemen had demonstrated its
potential utility by bringing it to plaintiff's own premises
for use in extinguishing a fire there. Though the fact
that there it became stuck in the mud may have some-
what impaired the conclusiveness of the demonstration,
yet it might well be said that a sense of humor which in
the face of such catastrophe caused the plaintiff to make
fun of the thwarted and humiliated fire fighters, was
misguided and showed an ungenerous spirit. We may
for the moment pass, as perhaps merely inadvertent,
technical and of slight materiality, the failure of the
defendant to plead that the plaintiff's attitude on such
public matters justifies also the statements in the article
that the plaintiff was the kind of person who is a " curse
to the community " and " has never had the welfare of
the village nor anything or anybody at heart." The
question would even then still remain whether the plain-
tiff's attitude on public questions tends to show that he
was an " unprincipled " character within the meaning of
that term as used in the article. We need not seek from
lexicographical authorities exact definition of its usual
meaning nor statement of permissible variations of its
use. Though we give it the narrowest and least offensive
meaning that it could bear under any possible circum-

stances, it still denotes a charge of moral weakness which transcends mere " unprogressiveness " however strong and stubborn.    However liberally we construe the plea of justification, and however narrowly we construe the article, we still may not under the circumstances of this case hold that the words " unprincipled character " were used in the article in what we may call a " Pickwickian " sense, and if used in any other sense the plea of justification· was insufficient and the plaintiff had the right to ask the trial justice to charge the jury that he was entitled as a matter of law to compensatory damages.

Of course, such a right as a matter of law to compensatory damages does not necessarily imply a right to substantial damages.    Though the plaintiff has been charged with being an " unprincipled character," and that charge has been circulated among his fellow-townsmen, the charge was made by a man recognized as a political opponent, in connection with a bitter political fight, and the charge itself was so connected with, and evidently based upon, difference of opinion, that it might well be said that reasonable men would not take it very seriously, and that the humiliation caused to the plaintiff should not have been painful.    Substantial compensatory damages must be founded upon a finding of substantial injury, and a jury may with equal reason refuse such a finding in a case where it appears that the plaintiff's good reputation could not have been affected by a charge made under circumstances which deprive it of serious weight, as in a case where it appears that the plaintiff's reputation was already so damaged that the charge, even though serious, could not make that reputation much worse.    In the present case, the jury merely reading the article might well say that the article, though unexplained and unjustified, would tend to subject the plaintiff to chaffing rather than to obloquy or even ridicule.

Unfortunately, however, the defendant did apparently attempt to explain, excuse and justify the article by evi-

dence which, though incompetent for the purpose for which it was offered, did immeasurably increase the weight and seriousness of the charge. In the partial defense in mitigation of damages the defendant saw fit to plead that it was commonly reported and believed in the locality where the plaintiff resides and the defendant does business, that the plaintiff does not properly care for his aged father and treats him cruelly. Gossip in regard to this report was set forth and details included which are founded upon purest hearsay, and which there is no need to repeat here. The gist of the partial defense is that the article was published in reliance upon this hodge-podge of gossip, rumor and report. No attempt is made to plead that the plaintiff did in fact maltreat his father and that because 't is true that the plaintiff maltreats his father the charge that the plaintiff is an unprincipled character is also true and, therefore, justified. On the contrary, the previous plea of justification is based upon allegations that the intent and meaning of the article was to confine the charge that plaintiff was an " unprincipled " character to the sense " that he displayed a lack of principle in his attitude upon public questions generally," and it is admitted that the charge is false if it is understood as meaning that plaintiff is an unprincipled character in a general sense. The truth not being in issue, evidence of the truth was irrelevant, and if it had been in issue, common report would have been incompetent to prove it. Common report is but hearsay, which lacks even the reliability which may inhere in other hearsay if derived from a source which, under some circumstances, might be regarded as authoritative. Even assuming for the moment that common report was properly pleaded in mitigation, it would be admissible in evidence only for the purpose of rebutting an inference of actual malice which might otherwise be found as a basis for the award of exemplary damages.

In spite of the fact that the defendant had not even

attempted to plead the truth of the charge that the plaintiff is an unprincipled character in that his treatment of his father shows a general lack of principle, the defendant was permitted to supplement common report of plaintiff's treatment of his father by further evidence of complaints by the father made to third persons of his treatment by plaintiff; by evidence of other hearsay and village gossip not shown to have been reported to defendant or relied upon by it; and by the introduction in evidence of certain deeds of property formerly owned by the father from which, it was urged, inference might be drawn that plaintiff had taken an unconscionable advantage of his father; and upon such evidence the jury was allowed to speculate upon the truth of a charge which under the pleadings could not be justified. Such evidence was clearly incompetent and irrelevant, and through its admission a charge which, otherwise, might reasonably be regarded as a source of amusement rather than contempt became a charge of serious moral delinquency; and the plaintiff found himself called upon to show falsity of this charge, though its truth was not asserted by proper plea of justification nor supported by competent proof. Such error requires a reversal of the judgment.

Since there must be a new trial, we are called upon to determine whether either the plea of justification or the partial defense in mitigation of damages presents any issue upon which evidence may be presented. We have shown that the allegation of actual opposition by the plaintiff to two particular measures is insufficient to justify the charge that plaintiff is an " unprincipled character who has not the welfare of anything or anybody at heart." This is especially true where the defendant's editor has admitted on the witness stand that he used these terms having in mind other supposed delinquency on the plaintiff's part. The plea of justification is, therefore, insufficient. The question of whether the plea

22

in mitigation of damages is sufficient presents greater difficulty.

That plea in effect states that the charge was made in honest reliance upon common report that plaintiff ill-treated his father. Of course, common report of specific wrongdoing is not competent evidence of general bad reputation. (Newell on Slander & Libel [4th ed.], § 772; *Kennedy* v. *Gifford*, 19 Wend. 296, 298.) If admissible at all, its purpose and effect must be to rebut an inference of actual malice as a basis for the award of punitive damages. The admission of such evidence has been defended upon the theory that it may show " ground for suspecting the plaintiff of the offense charged and thus indicating the absence of malice and going in mitigation of damages; " it has been attacked on the ground that a wise public policy will not regard reliance on rumor as an extenuation. (Wigmore on Evidence [2d ed.], § 74.) In the United States the authorities are in conflict. (Newell on Slander & Libel, § 776, and cases there cited.) No case has been called to our attention in which this court has heretofore passed upon the question.

Argument that public policy should forbid a party who has committed a wrong by publishing a false and defamatory story founded on rumor from increasing the harm by giving new circulation to the rumor in the guise of extenuating his own fault, loses much of its force when we recognize the limited purpose for which in any event the evidence might be received. It may not be used to impeach the plaintiff's reputation; it may not be used to deprive the plaintiff of reasonable compensation for damage to that reputation. It can serve only to defeat or reduce punitive damages. The plaintiff may, by waiving such damages, render the evidence irrelevant on the remaining issues. If he insists that the defendant should pay punitive damages, the defendant should be permitted to show that no punishment is due, and that his offense is venial. The plaintiff has the choice of whether the attack

should be made; complaint as to the weapons used by the
defendant to repel the attack comes from him with bad
grace. The question then presented should only be
whether the weapon used by the defendant properly
meets the attack. Does the evidence offered under the
plea tend to show good faith and honest intention on the
part of the defendant?

Perhaps rumor or common report may be so wide-
spread, so circumstantial, so generally believed and
apparently emanating from so respectable a source that
belief in the truth of the rumor is not unreasonable, and
circulation of the report not inconsistent with good faith.
That is not, however, the case here. The publisher rests
here on small-town gossip, accepted without question,
though investigation might have been made as to its
truth. It is circulated at a time when bitter feelings
have been aroused by plaintiff's attitude on political
questions. The defendant's editor cannot even remember
the name of any person who told him of the report; yet he
makes the report the basis of a charge that plaintiff is an
unprincipled character. Circulation by a newspaper
under such circumstances of a charge against a political
opponent based on such report without investigation may
constitute not merely error, but willful wrong. The plea,
and the evidence produced thereunder, does not logically
lead to inference of absence of malice, if indeed it would
not itself justify an inference of actual personal malice.
Its effect must be to lead the jury to speculate as to the
truth of the report and to lead the parties eventually
to litigate its truth, though its truth is not asserted and is
in fact irrelevant to any issue raised by the pleadings.

The sole question presented by the pleadings and proof
in the case concerns the amount of the damages to which
the plaintiff is entitled. The article does not mention
ill-treatment by the plaintiff of his father. It was pub-
lished by a political antagonist and was on its face no
more serious than other articles which in a political dispute

**340**    SARCONI *v.* 122 W. 26TH ST. CORP.

frequently exceed justifiable limits of fair comment. Vindication by the plaintiff is not required against any charge of ill-treatment of his father, for no ,such charge has been made in the article nor asserted in the answer. His damages may not be increased by interjecting such a charge into the case, nor may the damage to which he is otherwise entitled be mitigated by plea and proof that false report of moral delinquency not set forth in the article was current and believed and acted upon by the defendant without investigation or question.

Judgments should be reversed and a new trial granted, with costs to abide event.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.