GEORGE H. ZATOR, Respondent, *v.* GASPAR BUCHEL and Another, Appellants.

Third Department, January 14, 1931.

*Lee, Levene & Verreau* [*David Levene* of counsel], for the appellants.

*George H. Zator*, for the respondent.

HILL, J.   The plaintiff in this libel action is an attorney practicing his profession at Binghamton, N. Y.   The defendants, in a letter to a corporation that publishes a Slavic newspaper in New York city, disparaged plaintiff in his profession.   The letter was in the Slavic language, and all of the parties connected with the controversy are of Slavic or Polish extraction,   The correctness of the rule as to compensatory damages as charged by the court is challenged.   He stated that under the circumstances proven, the the jury must find a verdict for substantial compensatory damages, and even if plaintiff sustained no injury, a verdict for nominal damages would be improper.

This action grew out of another libel action.   Mr. Zator was attorney for Kovac, the plaintiff in that action, and the Slavic

newspaper was the defendant. During the preparation of that case for trial, the defendant newspaper telegraphed Buchel, one of the defendants in our case, requesting information concerning Kovac. The letter complained of was written in response to that request and was signed by both of our defendants. It stated that both Kovac and his attorney Zator had no standing in Binghamton, that Zator was incompetent as an attorney, having had many cases and won none, and, therefore, the defendants need have no fear concerning the result of their case. Information was requested from the newspaper concerning the progress of the defense and the negotiations for settlement, and secrecy was promised as to any information disclosed. This letter received no publicity beyond the nine members of the board of directors of the newspaper corporation. When the representatives of the newspaper settled their libel action, they gave the letter to Zator. This letter, in response to the telegraphic inquiry, was partially confidential, and its delivery by the newspaper seems perfidious. Information concerning Kovac had been invited in connection with the defense in the libel action. This did not justify untruthful, derogatory statements concerning his attorney, but the letter, written for the purpose it was, falls far short of being a general publication of the charge of incompetency. Few persons read it or knew of it until it came into plaintiff's possession.

In arriving at compensatory damages, the jury are to determine the extent of plaintiff's injury and damage from all the facts and circumstances. " Substantial compensatory damages must be founded upon a finding of substantial injury." (*Abell* v. *Cornwall Industrial Corporation*, 241 N. Y. 327, 335.) " Damages given as a compensation should be precisely commensurate with the injury." (*Gressman* v. *Morning Journal Association*, 197 N. Y. 474, 480.) " In a libel case, more, perhaps, than in any other, the jury is generally considered to be the supreme arbiter on the question of damages." (*Lynch* v. *New York Times Co.*, 171 App. Div. 399, 401.) A libel might be so vicious and its publication so general, that if nothing was offered by the defendant in justification or mitigation, a court could properly charge, as a matter of law, that nominal damages would not be a vindication. (*Sanderson* v. *Caldwell*, 45 N. Y. 398.) Here, there was a limited circulation, and only the expression of a belief that the plaintiff was incompetent as a lawyer and had little standing as a man, coupled with the statement that he had won no litigations. The letter was semi-confidential, and came to the attention of the plaintiff only through a breach of the ordinary custom touching private correspondence. The jury should have been permitted to determine the extent of plain-

tiff's injury and if they found that he was not injured, nominal compensatory damages would have been proper. No criticism is made as to the charge concerning exemplary damages.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellants to abide the event.