JULIUS KUPFER, Appellant, *v.* BROOKLYN DAILY EAGLE, Respondent.

Second Department, February 11, 1937.

*Robert H. Elder* [*Otho S. Bowling* with him on the brief], for the appellant.

*Hallam M. Richardson* [*Arthur Windels* with him on the brief], for the respondent.

PER CURIAM. The court erred in submitting to the jury as an issue of fact whether the publication, in so far as complained of, was true or false. As a matter of law, it was false under the undisputed facts. The verdict, being for the defendant, imports that the jury did not correctly decide this question. The only issue of fact was whether there should be compensatory or punitive damages. The granting by the court of the plaintiff's request that this be regarded as the only issue did not cure the prior error in the main charge, because that error was emphasized by the court in connection with later requests to charge. Moreover, under these circumstances, plaintiff is entitled to the benefit of the rule in *Johnson* v. *Blaney* (198 N. Y. 312), where the charge of the court is inconsistent and contradictory. The same view applies to the charge of the court,

in so far as it concerned the burden of proof, in respect of establishing the truth or falsity of the publication.

The charge of the court relating to fourth offenders was confusing, if not inaccurate.

The court erred in receiving in evidence statements of the probation officer, the assistant district attorney, and the sentencing judge, made at the time of Kupfer's conviction in 1915. They constituted inflammatory hearsay and were irrelevant.

The court also erred in its rulings respecting the evidence relating to plaintiff's arrests since his release from prison, which rulings in turn led to erroneous receipt of direct evidence growing out of the arrest.

The judgment should be reversed on the law and a new trial granted, costs to abide the event.

LAZANSKY, P. J., CARSWELL, DAVIS, JOHNSTON and CLOSE, JJ., concur.

Judgment reversed on the law and a new trial granted, costs to abide the event.