IRENE SZALAY, Formerly IRENE WALSH, Appellant, *v.* NEW YORK AMERICAN, INC., Respondent.

First Department, May 27, 1938.

*Martin Conboy* of counsel [*David Asch* and *William J. Butler* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys], for the appellant.

*Charles Henry* of counsel [*James Carroll* with him on the brief; *Manheim Rosenzweig,* attorney], for the respondent.

GLENNON, J.   The action is in libel based upon the following publication by the defendant:

"PHYSICIAN'S WIFE DECLARED GUILTY OF MISCONDUCT.

"Setting aside a jury's verdict, Supreme Court Justice Dunne yesterday adjudged Mrs. Irene Walsh guilty of marital misconduct. She is the wife of Dr. Joseph Walsh prominent Brooklyn physician.

"They counter-sued for divorce he naming Dr. Stephen Szalay co-respondent while she cited a chambermaid. The jury last November denied divorce to both and the judge suggested a reconciliation. The suggestion was not adopted."

In addition to the foregoing, there was printed a photograph of the plaintiff, and beneath it the words: "Mrs. Irene Walsh, found guilty of misconduct." The matter complained of appeared in the *New York American*, March 2, 1932.

The defendant in its answer set up the defense of truth, that is, pleaded that the plaintiff actually had been adjudged guilty of adultery, and a further defense to the effect that the publication constituted a fair and true report of a judicial proceeding. The defendant also pleaded, as a partial defense, that the article complained of was published by it in good faith in the ordinary course of business, without malice, in reliance upon the report of a reliable news agency, and in the belief that it was true.

Plaintiff was formerly the wife of Doctor Joseph Walsh, a physician, who resided in Brooklyn. They were married about 1917 and have two children. Some time prior to 1932, Doctor Walsh sued plaintiff for a divorce and she counterclaimed for a divorce. The case came on for trial before Mr. Justice DUNNE on November 9, 1931, and was concluded on November eleventh of the same year. Two questions were submitted to the jury, namely, was Mrs. Walsh guilty of adultery and was Doctor Walsh guilty of adultery. The jury answered both questions in the negative. Subsequently on February 29, 1932, the justice presiding set aside the verdict as against the weight of the evidence in so far as it applied to Mrs. Walsh and ordered a new trial. Three days later the publication occurred.

The defendant upon the trial of the present action did not assert that the plaintiff was in fact guilty of adultery but claimed that the article as published was substantially a correct report of the decision of Mr. Justice DUNNE in setting aside the jury's verdict.

After an examination of the record we have reached the conclusion that certain errors were committed by the court which require a reversal of the judgment. We believe that the article, on its face, is libelous *per se* and that the jury should have been so advised. Since the court left it to the jury to determine whether or not the publication was libelous, the appellant was deprived of a sub-

stantial right. (*Day* v. *Chamber of Commerce of United States*, 239 App. Div. 447; affd., 264 N. Y. 522; *Kupfer* v. *Brooklyn Daily Eagle*, 250 App. Div. 19.)

The court erroneously refused to charge the plaintiff's following requests, to which exceptions were duly noted:

" The statement that the plaintiff has been adjudged guilty of adultery is a statement of fact which is not true.

"A woman is entitled to compensatory damages when she is charged in print with adultery and there is no claim that she was guilty of adultery."

For the defendant to have stated of the plaintiff that she had been declared guilty of misconduct fairly implies that she did, in fact, commit adultery. Furthermore, the court should have charged at plaintiff's request: " The fact that the defendant claims to have received the article published as a news item from an outside agency does not justify or excuse its publication and the plaintiff is entitled to compensatory damages despite that fact."

Since we are about to order a new trial it would be well to call attention to the fact that no punitive damages can be awarded if the jury believes that defendant based its publication on a communication from a reliable news service and published the same in good faith in the ordinary course of business believing it to be true. That defense, however, if established, does not apply to compensatory damages.

In *Young* v. *Fox* (26 App. Div. 261) Mr. Justice O'BRIEN said: " Upon this, as upon the question of when punitive damages can, if at all, be awarded, whatever doubts may have formerly existed with regard to the rule, it has been disposed of so far as this court is concerned by the case of *Wuensch* v. *Morning Journal Assn.* (4 App. Div. 115), wherein it is said: ' The rule in this class of actions is that if the publication is not justified, the plaintiff is entitled to recover his actual or compensatory damages in any event. There can be no mitigation of this kind of damages. Mitigation extends or relates only to punitive or exemplary damages. A party, if entitled to such actual or compensatory damages, must be awarded such damages as the jury may find naturally and necessarily flow from the publication for injury to the plaintiff's reputation and character.' " (See, also, *Fleckenstein* v. *Friedman*, 266 N. Y. 19; *Kehoe* v. *New York Tribune, Inc.*, 229 App. Div. 220.)

For the reasons assigned the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.