MICHAEL J. LONGO, Appellant, v. THE SARATOGIAN, INC., Respondent.— Appeal by plaintiff from a judgment of the Supreme Court, Saratoga County (Alexander, J.) entered December 15, 1943, upon a jury verdict of no cause of action at Trial Term, and from an order of the trial court entered on the same day denying plaintiff's motion under section 549 of the Civil Practice Act to set the verdict aside and for a new trial. The action is in libel. The publication sued upon is libelous per se. Defendant admitted its publication and pleaded partial defenses of good faith and a published retraction. The evidence that the libel referred to plaintiff by his commonly understood name, was undisputed. The court erroneously permitted defendant's managing editor to relate what someone telephoned him after the retraction expressing satisfaction therewith. The voice so heard was not sufficiently identified as that of plaintiff. This was prejudicial and is reversible in view of the failure of the court's charge to demarcate adequately the applicability of the partial defenses to the subject matter of damages. The verdict is against the weight of evidence and contrary to law and the interests of justice require a new trial. Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Hill, P. J., Bliss, Heffernan and Brewster, JJ., concur; Schenck, J., dissents in the following memorandum: I agree with the majority of the court that the publication was libelous

per se and that the jury should have been so instructed. However, no proper exception was taken to the charge and we may not interfere. Where the injuries are trivial the verdict will not be disturbed "notwithstanding the misdirection of the judge". (*Hyatt* v. *Wood*, 3 Johns. 237; *Funk* v. *Evening Post Publishing Co.*, 76 Hun 497, affd. 152 N. Y. 619.) The real issue here is whether or not we should interfere with the finding of the jury. The court properly left to the determination of the jury whether the article published concerned the plaintiff. Our courts have generally held that the amount of damages to which plaintiff is entitled by reason of the publication of a libel is peculiarly within the discretion of the jury. (*Homes* v. *Jones*, 147 N. Y. 59; *Crane* v. *Bennett*, 177 N. Y. 106; *Mattice* v. *Wilcox*, 147 N. Y. 624; *Garrison* v. *Sun Printing and Publishing Association*, 164 App. Div. 737.) In the *Garrison* case the article was unquestionably libelous per se. The jury brought in a verdict which the court set aside as being inadequate. On defendant's appeal the order was reversed and the verdict reinstated. In the case at bar the jury failed to award any damages but the judgment should not be reversed in order to give the plaintiff nominal damages. (*Lynch* v. *New York Times Co.*, 171 App. Div. 399; *Throckmorton* v. *Evening Post Pub. Co.*, 35 App. Div. 396.) *Lynch* v. *New York Times Co.*, (*supra*) was for libel based on the publication of proceedings in a criminal court where a brother of plaintiff had assumed plaintiff's name. The defendant published certain statements concerning plaintiff, which were false and derogatory to him but which would have been true if spoken of the person who was arraigned and who had assumed plaintiff's name. Plaintiff alleged no special damage and it was quite apparent that the publication was without actual malice and the result of a mistake. The jury was instructed that the article complained of was libelous per se. The jury rendered a verdict for the defendant and the trial court set it aside. The Appellate Division reversed the order and reinstated the verdict and stated, "There can be no doubt that the verdict was technically erroneous, for, under the law as expounded to the jury by the court, the plaintiff was entitled at the least to nominal damages. Having in mind the instructions of the court, it seems evident that this verdict must have been the result of a conviction in the minds of the jurymen that the plaintiff had in fact suffered no damage at all, but, being laymen, they failed to distinguish the nice, perhaps artificial, distinction between a verdict for the defendant and one for plaintiff with nominal damages. They doubtless considered, as most laymen would unless carefully instructed to the contrary, that if a plaintiff had suffered no damage he was entitled to no verdict." The court then goes on to state that in a libel case, more perhaps than in any other, the jury is generally considered to be the supreme arbiter on the question of damages. As to the admission over exception of the testimony of defendant's managing editor concerning a telephone call, I cannot agree that this alone justified a reversal. The witness's credibility was for the jury. Allowing him to testify over objection could not have been prejudicial. A retraction had already been made which could only go to the mitigation of the damages and even direct testimony, had there been such, to the effect that plaintiff was satisfied with the retraction, would have no bearing on the question of nominal or compensatory damages. The jury evidently believed that plaintiff was not entitled to anything and we should not interfere with the verdict.