## WRIGHT v. FARM JOURNAL, Inc., et al.
### No. 67, Docket 20296.
Circuit Court of Appeals, Second Circuit.
Jan. 2, 1947.

Meyer Parodneck and Greenbaum, Wolff & Ernst, all of New Yory City (Morris

L. Ernst, Harriet F. Pilpel, and Theodora S. Zavin, all of New York City, of counsel), for plaintiff-appellant.

Paine, Kramer & Marx, of New York City (David Paine, of New York City, of counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal by the plaintiff, Archie Wright, from a judgment entered upon a jury verdict in favor of the defendant, Farm Journal, Inc., in an action to recover damages arising from the publication by the latter in its magazine entitled Farm Journal and Farmer's Wife of alleged defamatory matter in respect to the plaintiff.

The complaint alleges that in the issue of the magazine for the month of October, 1944, defendant McManus maliciously wrote and defendant Farm Journal Inc. maliciously published an article concerning the plaintiff in which the following false and defamatory matter was printed:

"The President of the New York State Farmers Union is Archie Wright, who was a chief figure in the New York milk strikes of a decade ago. He was also a foremost member of the Communist Party. In 1936, he made a speech at the Party's Convention in St. Nicholas Arena, New York City, on the work he was doing among the farmers."

The complaint further alleges that at the head of the same article the defendant printed a photograph of the plaintiff with the legend "Archie Wright, left, head of the New York Farmers Union and Communist Party Member." The title of the article in which the defamatory matter appeared was "Communist Beachhead in Agriculture."

The complaint alleges in some detail that these charges are false and defamatory and that it was the intention of the defendant in publishing the aforesaid article to impugn the plaintiff's loyalty as an American citizen and his fitness to hold the office of President of the Farmers Educational and Cooperative Union, Northeastern Division.

The answer admits publication but in substance denies the material allegations of the complaint and alleges as affirmative defenses that plaintiff has not stated a claim upon which relief can be granted; that the publication was without malice and that the statements therein contained are true; and that the matter published was one of public interest and the publication was fair comment thereon.

There was a conflict in the evidence as to whether the plaintiff was a member of the Communist Party and whether he was present at the convention of that party in the St. Nicholas Arena but the jury resolved this issue by finding a verdict for the defendant Farm Journal Inc. The plaintiff asserts that the trial judge erred in leaving to the jury the question whether the charge of communism was libelous per se. Plaintiff argues that the publication necessarily affected him adversely in his occupation or profession as President of the Farmers Educational and Cooperative Union of America, Northeastern Division.

The foregoing question of law was raised by the refusal of the judge "to charge the jury that anything stated of a person which concerns his occupation or profession, which injures him in his occupation or profession is libelous per se."

It may be said that even if the court erred in leaving the question whether the publication was libelous to the jury that point was not properly raised by the request because it did not embody the necessary condition that the charge must be untrue in order to be defamatory. But such an interpretation of the request which was made after the completion of the charge is unduly technical. The court had already told the jury that truth would be a defense and the request must be read with that limitation which no one did or could dispute. We think the court was sufficiently warned of the point of law which, if sound, went to the very heart of the plaintiff's claim. The judge certainly did not avoid the issue by remarking as a ground for his refusal: "I do not know whether the jury knows what 'libelous

per se' means." His doubt should have been resolved by explanation.

 The request for a further instruction was in essence equivalent to an objection to the charge, which had left to the jury the question as formulated by the judge whether the words "used in the article were or were not libelous." Under Federal Rules of Civil Procedure, rule 46, 28 U.S.C.A. following section 723c: "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; * * *." So far as Rule 51 requiring written requests to be submitted at the close of the evidence might have any pertinency to the case at bar it must be construed in the light of Rule 46. Williams v. Powers, 6 Cir., 135 F.2d 153, 156.

 The instruction in the charge that left to the jury the question whether the publication was libelous was erroneous. The instruction as given being erroneous, the failure to correct it will require a reversal, irrespective of whether the request was submitted in writing. No objection could be plainer than the request for an instruction diametrically opposed to the one given in the court's charge. In our opinion the situation which had developed called upon the judge to inform the jury that the article was libelous if the statements therein were found to be untrue and that in such event the only matters for further consideration would be the amount of the plaintiff's damages. Assuming that the jury found the publication to be false—as they might have done if they believed the plaintiff's evidence—it is impossible to say whether they returned the verdict for the defendant because they thought the publication was not libelous or because the damages were negligible. If the verdict can be said to have been rendered for the latter reason it might be argued that it should stand, since the New York decisions hold that a judgment will not be reversed merely to enable a plaintiff to recover a verdict for nominal damages. Lynch v. New York Times Co., 171 App.Div. 399, 157 N.Y.S. 392; Throckmorton v. Evening Post Pub. Co., 35 App. Div. 396, 54 N.Y.S. 887; Funk v. Evening Post Pub. Co., 76 Hun 497, 27 N.Y.S. 1089, affirmed 152 N.Y. 619, 46 N.E. 292. But the rule is otherwise in cases where a verdict may have been induced through an error on the part of the court. That such is the New York rule appears from the language of the decisions in Lynch v. New York Times Co., 171 App.Div. 399, 157 N.Y.S. 392; Funk v. Evening Post Pub. Co., 76 Hun 497, 27 N.Y.S. 1089, affirmed 152 N.Y. 619, 46 N.E. 292, and Szalay v. New York American, Inc., 254 App.Div. 249, 4 N.Y.S.2d 620. Indeed, in the decision last referred to the court reversed a judgment for the defendant because the jury had been permitted to determine the question whether a publication was libelous when it was libelous as a matter of law. The application of an analogous principle seems to have been involved in Abell v. Cornwall Industrial Corp., 241 N.Y. 327, 150 N.E. 132, 43 A.L.R. 880.

 If the language of a publication is unambiguous the question whether it is libelous per se is for the court. Sweeney v. United Feature Syndicate, 2 Cir., 129 F.2d 904, 907; Mattice v. Wilcox, 147 N.Y. 624, 42 N.E. 270; Szalay v. New York American, Inc., 254 App.Div. 249, 4 N.Y.S.2d 620. This court has recently held that it is libelous under the New York law to write of a lawyer that he has acted as agent of the communist party and is a believer in its aims and methods. Grant v. Reader's Digest Ass'n, 2 Cir., 151 F.2d 733. The New York decisions in Boudin v. Tishman, 264 App.Div. 842, 35 N.Y.S.2d 760; Szalay v. New York American, Inc., 254 App.Div. 249, 4 N.Y.S.2d 620, and Sack v. New York Times Co., 270 App.Div. 401, 59 N.Y.S.2d 888, entirely justify such a pronouncement. The attempted distinction of defendant's counsel between damage to the reputation of a lawyer and damage to the reputation of an official of a labor union seems without basis. The charge of membership in the communist

party would naturally be damaging to reputation in the minds of people opposed to communism and might affect a labor leader quite as much as a lawyer.

 We do not suggest that the plaintiff, if the publication was untrue, has suffered more than nominal damages. The extent of his damages is for the jury. We simply hold that upon a new trial the jury should be instructed that the publication was libelous per se and if they find it to be false they should then determine the sole remaining question as to the damages the plaintiff has suffered.

For the error of leaving to the jury the question of whether the publication if untrue was libelous the judgment is reversed.