No. 18,785.

CONNIE PRICHARD, A MINOR, BY HER MOTHER AND NEXT FRIEND, DORIS PRICHARD *v.* GRACE HUNTER.
(342 P. [2d] 666)

Decided July 27, 1959.

Mr. J. EMERY CHILTON, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties appear here in the same order they appeared in the trial court, and we so refer to them. The action was one to recover damages for alleged slander of plaintiff by defendant. Issue was joined and trial was had to the court, resulting in judgment for $5.00 actual and $5.00 exemplary damages in favor of plaintiff. Plaintiff brings the case here on writ of error asserting that the trial court erred in not awarding plaintiff substantial damages.

It appears that on October 17, 1957, a very heated and animated telephone conversion occurred between plaintiff's mother and defendant, which conversation was initiated by plaintiff's mother. It was testified that in this conversation, which concerned a mud throwing incident between two boys, defendant referred to plaintiff as a whore. Following this conversation plaintiff's mother called police officers who interviewed defendant and they testified that she admitted making such statement to plaintiff's mother. Another witness for plaintiff also testified that defendant admitted having made such a statement.

Defendant denied voicing the characterization of plaintiff attributed to her.

The court was in a quandary and characterized the action of both plaintiff's mother and defendant as "intemperate" and stated: "I think they (plaintiff's mother and defendant) have been violent, and I think they have been vile. * * * they have not been good neighbors * * *. Mrs. Prichard, I am speaking to you, too, because you have not been a good person either." The trial court states that Mrs. Prichard had "lied on the stand" and "I am certain in my own mind that part of the wrong that was done to Connie Prichard was done through Mrs. Prichard. I feel certain that this is true. I feel certain that Mrs. Prichard has had a part in the publication of this matter * * *."

A careful consideration of the record here submitted substantiates the conclusions of the trial judge.

■ It is fundamental that a right to compensatory damages does not necessarily imply a right to substantial damages. 33 Am. Jur., p. 285; *Abell v. Cornwall Ind. Corp.*, 241 N.Y. 327, 150 N.E. 132.

It is apparent that the animus of plaintiff's mother toward defendant was responsible for the institution of this suit.

■ In view of the difficulty expressed by the trial judge in determining not only what was said by defendant to plaintiff's mother, but the circumstances leading to the telephone altercation, strongly indicates that the latter's part in the "publication of this matter" was a substantial, if not the prime cause of plaintiff's humiliation, we cannot say that the award made in favor of plaintiff was the result of bias or prejudice on the part of the trier of the facts.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ not participating.