**SPANEL v. PEGLER et al.**

**INTERNATIONAL LATEX CORPORATION v. SAME.**

Civil Actions Nos. 1818, 1819.

District Court, D. Connecticut.

Oct. 17, 1946.

Raymond E. Hackett, of Stamford, Conn., for plaintiffs.

J. Kenneth Bradley, of Bridgeport, Conn., for defendants.

HINCKS, District Judge.

A jury could properly find that the alleged libel charged that the plaintiffs were, if not members of the Communist Party, at least sympathetic to its objectives. But the difference between being a member of the Party and being a fellow-traveler or sympathizer, is one of degree only. Grant v. Reader's Digest Ass'n, 2 Cir., 151 F.2d 733, cert. den. 326 U.S. 797, 66 S.Ct. 492, 90 L.Ed. 485.

The Connecticut Courts seem never to have decided whether such a charge is defamatory, per se. That being so, this Court, I feel, should apply the law of New York as noticed and applied in Grant v. Reader's Digest Ass'n, supra, wherein the defamatory nature of such a charge was recognized. See also Mencher v. Chesley, 186 Misc. 877, 61 N.Y.S.2d 147; Gallagher v. Chavalas, 48 Cal.App.2d 52, 119 P.2d 408; Toomey v. Jones, 124 Okl. 167, 254 P. 736, 51 A.L.R. 1066.

The Connecticut Statute, Gen. Stats. Sec. 5668, contains nothing to the contrary. Under the statute, although the defendants are entitled to show in defense an absence of tortious intention, the plaintiffs, even without prior demand for retraction or allegation of special damage, are entitled to an opportunity to prove, if they can, "malice in fact." And "malice in fact," as construed by the Connecticut Courts, is a state of mind not inconsistent with the gist of the complaint. Sandora v. Times Co., 113 Conn. 574, 582, 155 A. 819; Hassett v. Carroll, 85 Conn. 23, 37, 81 A. 1013, Ann.Cas.1913A, 333. See also Morning Union Co. v. Butler, 2 Cir., 151 F. 188.

To an action for libel privilege, like truth, is an affirmative defense to be spe-

cially pleaded. Present argument as to the sufficiency of such a defense is premature.

It is accordingly ordered in each case that the motion to dismiss be denied.