298

**SPANEL et al. v. PEGLER et al.**
No. 127, Docket 20812.

Circuit Court of Appeals, Second Circuit.

Feb. 25, 1948.

Oscar Cox, of New York City (E. G. Stoddard and Lloyd N. Cutler, both of New York City, and Charles C. Glover III, of Washington, D. C., of counsel), for plaintiffs-appellants.

McCauley & Henry, of New York City (Charles Henry, of New York City, of counsel), for defendants-appellees.

Before AUGUSTUS N. HAND, CLARK and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment dismissing the amended complaint in an action brought by the plaintiffs to recover damages because of libellous article written by Westbrook Pegler and published by Hearst Consolidated Publications, Inc., in its newspaper the New York Journal American. The amended complaint was dismissed by the District Court on the ground that it failed to state a claim against the defendants on which relief could be granted. The judge said in his opinion that he found himself "in accord with the logic and reasoning of Judge Lindley" of the Seventh Circuit, who, however, was the dissenting judge in Spanel v. Pegler, 160 F.2d 619, 623, 171 A.L.R. 699. The majority opinion—written by Judge Kerner—dealt with the text before us in the case at bar and held that from that text "an ordinary reader could understand the article to mean that Spanel is a Communist or a Communist sympathizer."

The plaintiffs-appellants contend that the article conveys the meaning that Spanel, the president of International Latex, is a Communist, a "fellow-traveler," or a "pro-Red," and that International Latex Corporation is under the management or control of Communists, "fellow-travelers," or "pro-Reds." While the article by the defendants did not in direct terms describe the plaintiffs as Communists, "fellow-travelers," or "pro-Reds," a jury might properly find that the import of the Pegler article was to that effect. There can, in our opinion, be no reasonable doubt about this. Accordingly the judgment of the District Court must be reversed upon the authority of the latest decision of the New York Court of Appeals, as well as numerous recent decisions of this court. Mencher v. Chesley, 297 N.Y. 94, 75 N.E.2d 257; Sweeney v. Schenectady Union Pub. Co., 2 Cir., 122 F.2d 288, affirmed 316 U.S. 642, 62 S.Ct. 1031, 86 L.Ed. 1727; Grant v. Reader's Digest Ass'n 2 Cir., 151 F.2d 733, certiorari denied 326 U.S. 797, 66 S.Ct. 492, 90 L.Ed. 485; Wright v. Farm Journal, 2 Cir., 158 F.2d 976, 977; Spanel v. Pegler, 7 Cir., 160 F.2d 619, 171 A.L.R. 699; Spanel v. Pegler, D.C.Conn., 70 F.Supp. 926.

Judgment reversed.